May Term,
1859.

LOVELL *v.* THE STATE.

LOVELL
v.
THE STATE.

As a general rule, evidence should not be given, either in criminal or civil cases, which does not directly tend to the proof or disproof of the matter in issue.

Under this rule, the facts given to the jury in a criminal case should consist exclusively of the transaction which forms the subject of the indictment.

Hence, the prosecution cannot prove another distinct offense for the purpose of raising an inference that the accused is guilty of the offense charged.

Thus, where the indictment contained a single charge of incest, which was proved as laid, the state cannot prove that the defendant had sexual intercourse with the prosecuting witness at any subsequent time.

Monday,
May 23.

APPEAL from the *Hendricks* Circuit Court.

DAVISON, J.—This was a prosecution for incest. The indictment charges that the defendant, on the 10th of *December*, 1856, at *Hendricks* county, did, then and there, have sexual intercourse with one *Sarah E. Curtis*, his step-daughter, he, defendant, then and there well knowing, &c. Plea, not guilty. Verdict for the state, upon which the Court, having refused a new trial, rendered judgment, &c.

The record contains a bill of exceptions, which shows that upon the trial *Sarah E. Curtis* was produced, and testified that on the first of *December*, 1856, she was engaged in weaving, when the defendant, her step-father, came into the room, pulled her off the loom, threw her on the bed, and had sexual intercourse with her. At this point in her testimony, the prosecution asked the witness whether the defendant had had sexual intercourse with her at any subsequent time. To the question thus propounded, the defendant objected, alleging as his ground of objection, that one offense only was charged in the indictment, and the state having located the offense charged on the first *Monday* of *December*, had no right to prove another similar offense at a different time. But the objection was overruled, and the witness proceeded: "Defendant had sexual intercourse with me afterwards—had such intercourse frequently. I cannot tell how often. I gave birth to a child on the first of *September*, 1857. Defendant is the father

of the child." The refusal of the Court to sustain the de-
fendant's objection raises the only question in the case.

Ordinarily, no evidence should be given, either in civil or criminal cases, which does not directly tend to the proof or disproof of the matter in issue. This is, no doubt, correct as a general rule; and under it, the facts laid before the jury should consist exclusively of the transaction which forms the subject of the indictment. It is, therefore, not competent for the prosecution to prove another distinct offense for the purpose of raising an inference that the accused had committed the offense in question. And for the same reason, it would not be allowable to show on the trial that the prisoner had a general disposition to commit the same kind of offense as that with which he is charged. Thus, in a prosecution for an infamous crime, an admission by the accused that he had committed such an offense at another time, and that he had a tendency to such practices, ought not to be admitted. Am. Crim. Law, 238.— *Barton* v. *The State*, 18 Ohio R. 221.—1 Lead. Crim. Cases, 189. The reasons on which these positions are founded are sufficiently obvious. The proof must correspond with the issue. It is important that the accused should not be taken by surprise; and it cannot be expected that he will be prepared to defend himself against any charge other than that exhibited against him. There are, it is true, exceptions to the rule to which we have referred. For instance, where several felonies are connected together, and each forms a part of the entire transaction, then the one is evidence to show the character of the other. So where it becomes necessary to prove a guilty knowledge on the part of the prisoner, evidence of other offenses committed by him, though not charged in the indictment, are admissible. 1 Lead. Crim. Cases, 185, *et seq.* But these exceptions do not apply to the case at bar. Here, the indictment contains a single charge of incest, which was proved to have been committed on the first of *December*, 1856; and having thus proved the charge as laid, the state propounds the inquiry whether defendant had sexual intercourse with the witness at any subsequent time. We

perceive no reason why this question should have been deemed legitimate. The crime perpetrated on the day named was fully proved by the evidence, was an entire transaction, and could not, therefore, be held as connected with any subsequent sexual intercourse, involving another distinct offense. Nor is the present a case in which actual proof of guilty knowledge is at all incumbent on the prosecution. In the investigation of the case made by the record, the jury could not rightfully consider any proof save that which tended to establish one act of incestuous intercourse; and one act of such intercourse having been proved, it seems to follow that any evidence tending to show that the defendant was subsequently guilty of another similar offense, was not only irrelevant, but calculated to produce an improper influence in the minds of the jury.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Miller, H. C. Newcomb,* and *J. S. Tarkington,* for the appellant.