CASE 16—PETITION EQUITY—APRIL 8.

# O'Riley, &c., v. McKiernan, &c.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

CONSTRUCTION OF DEVISE.—A devise by a testator of all his estate to his wife, "to be administered by her for the support of herself and my children," passed the legal title to the wife in trust for herself and the testator's children; but no power of disposition being given the wife, the aid of the chancellor must be invoked if a sale is required.

NEWTON G. ROGERS FOR APPELLANTS.

It was the testator's intention to give to his wife the fee-simple estate, and the court erred in adjudging that there was a *quasi* trust for the benefit of the testator's children. (Best v. Best, MS. Op., May 16, 1889.)

R. A. BATMAN FOR APPELLEES.

No brief in record.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The will of Miles O'Riley contained the following provision: "I will and bequeath to my wife, Ann O'Riley, all my real and personal property, to be administered by her for the support of herself and my children." The will is here for construction.

While we agree with the chancellor below that the legal estate or title is in the wife, at the same time it must be regarded as being held in trust for the benefit of herself and children. There is no power of disposition given the wife, and the aid of the chancellor must, therefore, be invoked if a sale is required. This is simply a devise in trust for the benefit of the wife and children, and if the name of a stranger had been inserted as the trustee instead of the wife, there could be no trouble in arriving at

the intention of the testator. If the testator had said "I devise all my estate, real and personal, to A, to be administered for the support of my wife and children," there is no doubt that A would hold in trust for their benefit. If, therefore, the testator, instead of devising it to a stranger for such a use, makes the devise to his wife, Ann O'Riley, to be administered for her support and that of his children, the wife holds as trustee, with a beneficial interest in connection with her children.

The judgment below is reversed, and remanded for proceedings consistent with this opinion.