Filed Nov. 20, 1891.

---

No. 16,322.

## LEFFORGE *v.* THE STATE.

CRIMINAL LAW.—*Incest.*—*Evidence of Acts Prior to Specific Act Charged.*—In a prosecution for incest, it is competent for the State to prove acts of sexual intercourse prior to the specific act charged in the indictment.

SAME.—*Excessive Sentence.*—A sentence to imprisonment for eight years of one convicted of the crime of incest, after the passage of the act of March 7th, 1891, limiting the maximum term of imprisonment to five years, is void.

From the Decatur Circuit Court.

*J. S. Scobey*, for appellant.

*A. G. Smith*, Attorney General, for the State.

ELLIOTT, J.—The appellant was convicted of the crime of incest, and sentenced to imprisonment in the State prison for a term of eight years.

One of the grounds upon which appellant's counsel asks a reversal is that the court erred in permitting the State to prove acts of sexual intercourse prior to the specific act charged in the indictment. There was no error in this ruling. The decisions establish the doctrine that it is competent to prove previous acts of familiarity between the parties, although they culminate in the act of carnal intercourse. *State* v. *Markins,* 95 Ind. 464; *Ramey* v. *State, ex rel,* 127 Ind. 243; *Thayer* v. *Thayer,* 101 Mass. 111; *State* v. *Bridgman,* 49 Vt. 202 (24 Am. Rep. 124) and cases cited; *State* v. *Pippin,* 88 N. C. 646; *State* v. *Kemp,* 87 N. C. 538; Bishop's Statutory Crimes, section 680.

The appellant was tried and convicted on the 21st day of September, 1891, and on that day the act of March 7, 1891, was in force. (Acts of 1891, page 347.) That act amends the prior act, and limits the maximum punishment by imprisonment to a term of five years. There was, therefore, no law in force at the time of the trial authorizing the jury to sentence the accused to imprisonment for the period of eight years, and the sentence is wholly unauthorized.

Judgment reversed, with instructions to award a new trial.

Filed Nov. 19, 1891.