### WILLIAM DARBYSHIRE V. THE STATE.

*No. 1499.   Decided December 9th, 1896.*

**1.   Defendant as a Witness—Impeachment of.**

For the purpose of impeaching the testimony of a defendant, who is a witness in his own behalf, he may be asked, on cross-examination, if he has not served a term in the penitentiary.

**2.   Forgery—Charge of Court.**

On a trial for forgery of a note, it was not error for the court to charge the jury, that, if defendant wrote the instrument charged to have been forged, or any part of it, he would be guilty of forgery.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

Appeal from a conviction for forgery; penalty, two years' imprisonment in the penitentiary.

The alleged forged instrument was as follows:

"$129.                          HOUSTON, TEXAS, May 23rd, 1896.

"Seven days after date, I promise to pay to the order of William Darbyshire one hundred and twenty-nine $\frac{1}{100}$ dollars, at ————, value received.

"[Signed]        L. E. MILLER.
"[Endorsed]        WILLIAM DARBYSHIRE."

L. E. Miller testified: "When this note was presented to me, I proclaimed it, and now proclaim it, to be a forgery. I never wrote the body of it nor signed it, and never authorized anyone else to do so. I now identify the endorsement, 'William Darbyshire,' on the back of the note, as being that of the defendant, William Darbyshire. I know that to be in his handwriting. The body of the note (except the signature) was also written, in my opinion, by the defendant. The signature of the note I am not certain, and cannot positively testify whether that is in the handwriting of the defendant, William Darbyshire, but it may be a disguised handwriting of the defendant; the handwriting of the signature does not closely resemble the balance of the note, and I cannot say that it is in his handwriting."

There was no proof that the signature, "L. E. Miller," was in the handwriting of, or that it was made by defendant.

The court charged the jury in effect, that, if defendant wrote the instrument, or any part of it, he would be guilty of the forgery. It was complained by appellant that this charge was erroneous.

*J. H. Weiner*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of forgery, and given two years in the penitentiary; hence this appeal. While the defendant was on the stand, testifying in his own behalf, the State's counsel, on cross-examination, proved by him that he had served a term in the penitentiary. This was objected to by the appellant for several reasons. We deem it unnecessary to notice the objections, for under the repeated decisions of this State this character of testimony was admissible for the purpose of impeaching his testimony. The court properly limited this testimony to impeachment. The court charged the jury that, if the defendant wrote the instrument charged to have been forged, or any part of it, he would be guilty of forgery. The evidence in this connection shows that the note was made payable to the defendant for $129. He claimed in his testimony that he bought this note from one Wandell. He declined to explain how Wandell should have in his possession a note payable to him (appellant) by the party whose name was alleged to have been forged. We think that the court's charge was correct. If the defendant forged the note, or any part of it, he knew it was a forgery; and if he wrote any part of the note he was as guilty as if he had written the entire instrument. The evidence supports the conviction, and the judgment is affirmed.

*Affirmed.*