## A. J. Barnett v. The State.

### No. 2698. Decided March 25, 1903.

**1.—Rape of a Stepdaughter Under Fifteen Years of Age—Evidence as to Prior Rapes, etc.**

On a trial for rape of his stepdaughter, under the age of 15 years, committed with her consent, where the testimony of the prosecutrix was positive, and defendant's confession of the offense, as charged, was proved, it was error to admit in evidence testimony as to other prior rapes committed by defendant on prosecutrix. Hamilton v. State, 36 Texas Crim. Rep., 372; Manning v. State, 43 Texas Crim. Rep., 302, and Cooksey v. State, 58 S. W. Rep., 103, overruled so far as they conflict with the above rule.

**2.—Same.**

On a trial for rape, where the prosecutrix is under the age of consent, testimony of former acts of intercourse is not admissible, unless it has some unmistakable bearing on the case, and tends to solve some issue in the case.

**3.—Same—Evidence.**

On a trial for rape of his stepdaughter, under the age of consent, evidence as to prior assaults and batteries by defendant upon prosecutrix is inadmissible.

Appeal from the District Court of Johnson. Tried below before Hon. W. Poindexter.

Appeal from a conviction of rape committed upon Ruthie Walker, by defendant, who was shown to be her stepfather; penalty, ten years imprisoument in the penitentiary.

A statement, further than that shown by the opinion, is not required.

*F. E. Johnson* and *J. B. Warren,* for appellant, filed an able and elaborate brief, one of their main contentions being that: The court erred in overruling the defendant's motion and special plea setting forth the reasons why the defendant should not be convicted under the indictment and the evidence adduced in this case, because said evidence, if true, shows that the defendant is guilty of another and different offense than that of rape, to wit, the offense defined by the Penal Code of this State, and known as incest. Where, under our law, the same inculpatory act committed under a given state of circumstances is defined by two different articles of the Penal Code to be an offense under each, and a different penalty is affixed thereto by each article, a conviction under either is void, and an indictment thereunder charges no offense against the State.

*Howard Martin,* Asistant Attorney-General, for the State.—On the question of whether the defendant can be guilty of rape and incest, see Owens v. State, 35 Texas Crim. Rep., 345.

HENDERSON, JUDGE.—Appellant was convicted of rape on his stepdaughter, a girl under the age of 15 years, and his punishment assessed at confinement in the penitentiary for a term of ten years.

The rape was alleged to have been committed on Ruthie Walker on or about the 16th day of March, 1902, with her consent. The prosecution and conviction were had on a rape, which the testimony for the State showed was committed on or about the 16th day of March. During the trial, and while the testimony was being developed, the State introduced a number of other rapes shown to have been committed by appellant on prosecutrix; the first rape having been committed some four years before, when prosecutrix was only 9 years of age. The details of this offense were gone into, and it was shown to have been done by force, against the will and consent of prosecutrix. This was followed by a number of other rapes and cruel treatment on the part of appellant toward prosecutrix, the details of some of which were gone into. Appellant objected to all this testimony on the ground that it was not connected with the rape in question, and did not tend to solve any issue in the case, but merely served the purpose of prejudicing the jury against him. In Hamilton's case, 36 Texas Crim. Rep., 372, this character of testimony was held admissible under the facts of that case, and that case appears to have been subsequently followed. Manning v. State, 43 Texas Crim. Rep., 302, 3 Texas Ct. Rep., 566; Cooksey v. State (Texas Crim. App.), 58 S. W. Rep., 103. Without discussing the relevancy of the testimony under the peculiar facts of said cases, so far as they conflict with the principle here announced they are overruled, and we here hold that in a case of rape, where the prosecutrix is under the age of consent, such testimony is only admissible where it tends to solve some disputed fact or issue in the case. In other words,

we can see no difference, in the introduction of testimony as to other offenses, between a case of rape and any other criminal charge. Indeed, the reason of the rule excluding such testimony would appear to be stronger in a rape case than in any other character of offense, inasmuch as evidence of such extraneous crimes is more calculated to inflame the minds of the jury in a rape case than in any other. With regard to the admission of extraneous crimes in evidence, the rule is stated thus in the authorities: "If the evidence tends to establish the res gestae, or to prove a relative or competent fact or circumstance connecting defendant with the crime charged, or to explain the intent of defendant in connection with the property he is charged with stealing, or to make out his guilt by circumstances, it is competent for the State to adduce evidence of such extraneous crimes." Kelley v. State, 31 Texas Crim. Rep., 211, and authorities there cited. We would be understood as holding that in a trial of a case of rape, where prosecutrix is under the age of consent, testimony of former acts of intercourse between the parties is not admissible, unless it has some unmistakable bearing on the case, and tends to solve some issue presented by the State or made by defendant. We have examined the facts of this case, and, in our opinion, the admitted testimony has no particular bearing on any issue in the case. The evidence of the prosecutrix as to the offense alleged to have been committed on the 16th of March, 1902, was of a positive character. And we understand, also, that it was proven by the State that appellant confessed to this act of carnal intercourse with prosecutrix. Of course, appellant entered the plea of not guilty, and this brought in issue the truth of her testimony, in contradiction of the testimony of appellant; but proof of prior offenses between the same parties would be no more admissible here, in order to show the likelihood that the alleged offense was committed, than, in a case where a party is on trial for the theft of a horse, it could be shown that he previously stole another horse from the same party. We would not be understood as holding that the relationship between the parties could not be shown or that evidence indicating a domination and control of the will of prosecutrix by appellant might not, under certain circumstances, be adduced. But there is nothing in this case to suggest any reason for departing from the rule; that is, that extraneous offenses should not be introduced in the trial of a case, unless such testimony is pertinent and relevant as tending to shed light upon or solve some disputed issue. In the absence of such showing, the admitted testimony could serve but one purpose; that is, to inflame the minds of the jury against appellant, and enhance his punishment, and so prove hurtful to him. The testimony in this case of other offenses of like character between the same parties, and the details thereof, should not have been admitted. We also hold, in this same connection, that the testimony showing assaults and batteries by appellant on prosecutrix some time prior to the alleged offense was not admissible.

Appellant complains that the court rejected certain testimony offered

by him as indicating a .conspiracy on the part of his wife and others of the family to send him to the penitentiary. It does not occur to us that the rejected testimony tended to show this, and the court did not err in refusing to admit it.

There are other assignments, but we do not deem it necessary to pass upon them. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*