## J. D. WIGGINS v. THE STATE.

### No. 3171.  Decided January 25, 1905.

**1.—Rape—Indictment—Distinct Offenses.**

Where one count in an indictment charges rape and the other incest and both are predicated on the same transaction, each charging a distinct offense, the indictment is good.

**2.—Same—One Day After Service of Venire—Sunday.**

Where the special venire was served on Saturday about 3 o'clock and defendant's case was called for trial Monday morning following, when he was forced to trial, an objection that the Sunday intervening was no day in law and that he had been deprived of one full legal day after such service, was properly overruled.

**3.—Same—Service and Return of Special Venire.**

Where defendant complained of the manner of service and return of the copy of the special venire, and that the same contained only nine persons summoned, whereas the original writ and return showed that forty of the special venire of sixty were summoned, because there appeared no mark or dot opposite the names of jurors on the copy. Held, the whole copy could be looked to, showing in the concluding portion the particular persons not served, and leaving the remaining names as served.

**4.—Same—Deputy Sheriff—Special Veniremen.**

Where the court appeared to have satisfied himself from proof on the question that the deputy sheriff was not prejudiced against defendant, there was no error in authorizing that officer to make service of special veniremen as drawn.

**5.—Same—Confession—Warning.**

Where the court's explanation shows that the defendant was properly warned, his statement was properly admitted.

**6.—Same—Other Acts of Sexual Intercourse.**

Where upon trial for rape, the court admits in evidence other acts of sexual intercourse than the one for which defendant is on trial and not bearing on the case, the judgment of conviction must be reversed and the cause remanded. Approving Smith v. State, 7 Texas Ct. Rep., 343; Ball v. State, id., 105; Barnett v. State, id. 391; Hackney v. State, id. 890. Distinguishing Henard v. State, 10 Texas Ct. Rep., 191.

Appeal from the District Court of Van Zandt.  Tried below before Hon. R. W. Simpson.

Appeal from a conviction of rape; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*Lively & Stanford,* for appellant.—On question of indictment: Owens v. State, 35 Texas Crim. Rep., 350.  On question of service of venire: Code Crim. Proc., art. 654; Kellam v. State, 33 Texas Crim. Rep., 82.

On question of other acts of intercourse: Smith v. State, 7 Texas Ct. Rep., 918; Barnett v. State, 7 Texas Ct. Rep., 390; Smith v. State, 7 Texas Ct. Rep., 343; Hill v. State, 7 Texas Ct. Rep., 389.

The court erred in permitting J. W. Howard, sheriff, to testify, over defendant's objection, that defendant stated to him that the prosecutrix, Eula Wiggins, was 14 years old in May, 1904, the defendant being under arrest at the time by said Howard, and it was not shown that defendant had been properly warned prior to his making said statement. The burden is on the State to show that the confession, proposed to be given in evidence by it, is admissible, and until the proper predicate is laid the confession should not be received. A confession by a person in the custody of an officer is not admissible in evidence against him unless it is shown to have been made after being warned. When Sheriff Howard was offered by the State to prove defendant's admission or confession as to the prosecutrix's age, the defendant's counsel asked Howard: "Can you state positively to the jury if that statement was made after defendant was warned by you?" To this question, the witness answered: "No, I cannot do that." The court then asked the witness: "What is your best recollection as to whether it was before or after he was warned?" To this, the witness answered: "Afterwards, to my best recollection." And upon that answer the court permitted said sheriff to testify to defendant's confession or admission made to him, to which defendant reserved his bill of exception. Lopez v. State, 12 Texas Crim. App., 27; Angell v. State, 8 Texas Crim. App., 451; Kennon v. State, 11 Texas Crim. App., 356.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assessed at confinement in the penitentiary for a term of fifteen years; hence this appeal.

Appellant moved to quash the indictment on the ground that there were two counts in the same: one charging rape, and the other incest; and that these were incongruous and incompatible offenses, charged in the same indictment. We do not agree with this contention. Both counts are predicated upon the same transaction, and each charges an offense arising therefrom, though they are distinct offenses. This affords no reason why the indictment should be quashed.

Appellant contended the trial should have been postponed to give him one entire day after service of the special venire, which was served on Saturday, November 12, about 3 o'clock, and defendant's case was called for trial on Monday morning, and he was forced to trial on said last mentioned date; and that Sunday is no day in law, and therefore he had been deprived of one full legal day. This was a sufficient compliance with the statute. Adams v. State, 35 Texas Crim. Rep., 286. Appellant also contends that the copy of the venire served on him contained only names of nine persons summoned by the sheriff, whereas the original

writ and return showed that forty of the special venire of sixty were summoned by the sheriff. The bill refers to the proceedings on the motion to quash the venire. In those proceedings we find what purports to be a copy of the jurors served. From this we take it, that appellant is complaining, there is nothing opposite the names of a number of persons showing what service was had on them; and that there are no dots opposite such names, showing that the service was similar to the above. If this is the objection urged, we think the whole copy should be taken together, and the concluding portion thereof shows the particular jurors not served. We think this makes the matter of service sufficiently definite, leaving the remainder of the names served. The court did not err in overruling appellant's objections. Nor did the court err in authorizing the deputy sheriff to make service on the special veniremen; the court appears to have heard proof on the question, and determined that said deputy was not prejudiced against appellant. At any rate he was not summoning talesmen, but merely making service on the veniremen as drawn. We do not believe there was any error in these proceedings.

As to the statement made by appellant after he was under arrest, we think the explanation of the court shows he was warned.

By a number of bills of exception, appellant questions the action of the court permitting the State to prove other acts of carnal intercourse between appellant and prosecutrix, besides the one on trial. From the bills, it is shown that the first act of intercourse occurred in Grayson County, Texas, in 1901, and continued at intervals up to the act of intercourse in question. This was objected to by appellant on the ground that said other acts were not connected with this act, and would tend to shed no light upon it, but would have the effect to prejudice the minds of the jury against appellant. The court explains the admission of this character of testimony, by stating, that the testimony was only admitted upon re-direct examination of said witness by the State, and after the character of the cross-examination given said witness by the defense, tending either to show that prosecution was from ill will, or that conduct of father towards daughter was from jealousy; and also said testimony was limited in the charge. It does not occur to us that these reasons assigned by the court were sufficient to have admitted the testimony of such other acts. If prosecutrix was actuated by ill will to testify against appellant in the transaction on trial, her testimony as to other acts would not show that she was not actuated by ill will as to such other acts. Nor, because appellant may have been jealous towards his daughter, and was actuated in his conduct towards her by such motives, would the testimony of other acts proven by her, tend to contradict this matter. We can see no difference between this case and a number of others in which it was held that this character of testimony was not admissible. See Smith v. State, 7 Texas Ct. Rep., 343; Ball v. State, 7 Texas Ct. Rep., 105; Barnett v. State, 7 Texas Ct. Rep., 391; Hackney v. State, 7 Texas Ct. Rep., 890. The Assistant Attorney-General has referred us to Henard v. State, 10 Texas Ct. Rep., 191; and

insists that this testimony may come within the rule laid down in that case. In that case we held that acts tending to show a degree of familiarity between the parties not extending to acts of carnal intercourse were admissible, but here the State did not stop with acts of mere familiarity, but proved other acts of intercourse. Because this character of testimony was not authorized, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.