### J. S. FRENCH v. THE STATE.

#### No. 3017. Decided February 8, 1905.

**1.—Adultery—Evidence—Former Acts of Illicit Intercourse—Intimacy.**

The rule that former acts of illicit intercourse either in rape or incest cases cannot be proven on a charge of a specific transaction for such offense, applies equally to the offense of adultery, as does also the rule that acts of intimacy short of carnal intercourse are admissible in evidence, provided they are not too remote.

**2.—Same—Evidence—Conduct Too Remote.**

Conduct occurring some four or five years before the commission of the offense of adultery, charged, between defendant and his alleged paramour are too remote and constitute no part of the offense.

**3.—Same—Newly Discovered Evidence—New Trial.**

See opinion for newly discovered evidence which is held to be sufficient to have entitled the appellant to a new trial.

Appeal from the County Court of Palo Pinto. Tried below before Hon. W. E. McConnell.

Appeal from a conviction of adultery; penalty, a fine of $100.

The opinion states the case.

*J. H. Bowman* and *H. E. Bradford,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of adultery, and his punishment assessed at a fine of $100; hence this appeal.

Appellant excepted to the evidence of conduct between appellant and his alleged paramour, occurring some four or five years before the commission of the offense charged against appellant, claiming that the same was too remote and constituted no part of the offense; and in support of this contention, refers us to Cyc. L. & P., p. 962, and notes citing cases; and Peo v. Henderson, 53 Mich., 525; 19 N. W. Rep., 169; Peo v. Davis, 52 Mich., 569; 18 N. W. Rep., 362. The Michigan cases appear to sustain appellant's contention. We find however, that the note in the "Cyc." refers to other cases in which it is said that acts tending to show adulterous action anterior to the statute of limitations are admissible in support of evidence of the commission of the act charged. And in Com. v. Morris, 1 Cush. (Mass.), 391, it is said: "The exact date of the acts sought to be proved was in doubt. It was held, however, that the evidence was admissible, and the nearness of the time was a circumstance affecting the effect of the evidence and not its competency." Of course, all evidence of continuous acts of intercourse within the statute of limitations may be provable as constituting a part of the offense. But here the question is different. The rule in this State was that former acts of illicit intercourse could be proven, not only in incest and adultery, but in rape, in order to shed light on the offense charged. Burnet v. State, 32 Texas Crim. Rep., 86; Funderburg v. State, 23 Texas Crim. App., 392. But this doctrine as to rape has been overruled. Smith v. State, 7 Texas Ct. Rep., 343, 918. It has also been overruled as to incest. Clifton v. State, 79 S. W. Rep., 824. We can see no distinction as to this matter between incest and adultery. However, these authorities are limited as to other acts of carnal intercourse. In Henard v. State, 11 Texas Ct. Rep., 191, it was held that acts of intimacy falling short of carnal intercourse were admissible in rape cases. And we can see no reason why the same principle should not be extended to incest and adultery. We therefore, hold that former acts of intimacy short of carnal intercourse of recent date may be proven in such cases. But appellant raises the question of remoteness as to the acts of familiarity proven here, antedating the offense some four or five years. We hold that said acts of intimacy are too remote. There was ample time for the parties to have reformed or to have become estranged. This is in accord with the doctrine announced in Bowers v. State, 6 Texas Ct. Rep., 428.

Appellant made a motion for new trial based on newly discovered evidence, which consisted of the testimony of Mrs. Anna Jones, the daughter-in-law of appellant's alleged paramour, and of Mrs. Sallie Jones, the alleged paramour. We think the showing of diligence as to Mrs. Anna Jones was sufficient. It occurs to us that her testimony was upon a material point in the case. The State developed on the

trial four acts of carnal intercourse in March at the house or Mrs. Sallie Jones, and the newly discovered witness, Mrs. Anna Jones, would prove that she was there at the time and slept in the same bed with Mrs. Sallie Jones. This testimony would go to controvert the State's case. As to Mrs. Sallie Jones, the application shows that she was indicted for the same offense; that appellant was tried and convicted before her case was brought to trial; that afterwards, at the same term, the case against Mrs. Sallie Jones was tried and she was acquitted. The application shows that she would deny any acts of carnal intercourse between her and appellant. The rule as to this character of testimony authorizes a new trial on this ground. Chumley v. State, 32 Texas Crim. Rep., 255; Gibbs v. State, 30 Texas Crim. App., 581; Helm v. State, 20 Texas Crim. App., 41; Ellis v. State, 10 Texas Crim. App., 540; Howell v. State, 10 Texas Crim. App., 293; Rucker v. State, 7 Texas Crim. App., 549; Brown v. State, 6 Texas Crim. App., 286; Williams v. State, 4 Texas Crim. App., 5; Huedner v. State, 3 Texas Crim. App., 458; Rich v. State, 1 Texas Crim. App., 206. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.