## W. M. SKIDMORE V. THE STATE.

### No. 271.   Decided December 22, 1909.

**1.—Incest—Other Acts of Intercourse.**

Where, upon trial for incest, the act of carnal intercourse relied upon for conviction by the State was made out by the State's testimony as occurring in the month of December, it was reversible error to permit the State to introduce other acts of carnal intercourse occurring during the previous months of October and November. Following Clifton v. State, 46 Texas Crim. Rep., 18, and other cases. Overruling Burnett v. State, 32 Texas Crim. Rep., 86; Barrett v. State, 55 Texas Crim. Rep., 182. Ramsey, Judge, dissenting.

**2.—Same—Evidence—Contradicting Testimony.**

Where, upon trial for incest, the State had been permitted to introduce testimony that the woman with whom the incest was alleged to have been committed had a child within nine months after she stated defendant had carnal intercourse with her the previous December, defendant had the legal right to introduce testimony to show that he was not the father of the child, and that other parties had carnal intercourse with prosecutrix about that time.

**3.—Same—Evidence—Character of Prosecutrix.**

Upon trial for incest, testimony by the State as to the character or reputation of prosecutrix, for propriety of conduct, was inadmissible.

**4.—Same—Evidence—Deeds—Secondary Evidence.**

Upon trial for incest, where the State sought to show that the defendant had left this State for a short while, and returned, and when he left conveyed his property by written deed to his sister, and the State had made proper demand for the production of said deeds of conveyance, and the same were not produced, secondary evidence of said conveyance was admissible, and this although defendant gave an explanation of his leaving the State.

**5.—Same—Argument of Counsel—Allusion to Defendant's Failure to Testify.**

See opinion of court for admonition of counsel that any allusions to defendant's failure to testify in all criminal cases must be strictly avoided.

Appeal from the District Court of Lamar.   Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of incest; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Moore & Park, H. B. Birmingham* and *B. B. Sturgeon,* for appellant.—Cited cases in majority opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of incest with his niece, Miss Effie Skidmore.

1. The State relied upon the testimony of prosecutrix. Under her testimony she was an accomplice, having consented to the intercourse about which she testified. Appellant's testimony is that he was not guilty, and was not intimate with prosecutrix, but that

she was intimate with others, and introduced such evidence along those lines as the court would permit. Testifying in his own behalf, he denied any act of intercourse, and offered testimony, much of which was rejected, going to prove bad conduct on the part of prosecutrix with other men. Over appellant's objection the State was permitted to introduce evidence of acts of intercourse between prosecutrix and appellant other than that relied upon for conviction. The act relied upon occurred in December. The other acts under her statement occurred during the previous months of October and November. We are of opinion this evidence was improperly admitted. It seems from the bill of exceptions the court admitted this testimony under the authority of the recent case of Barrett v. State, 55 Texas Crim. Rep., 182. That case was decided upon the authority of Burnett v. State, 32 Texas Crim. Rep., 86. The Burnett case had been overruled in Clifton v. State, 46 Texas Crim. Rep., 18, and followed in Gillespie v. State, 49 Texas Crim. Rep., 530; Wiggins v. State, 47 Texas Crim. Rep., 538, and French v. State, 47 Texas Crim. Rep., 571. In deciding the Barrett case, supra, this court overlooked the fact that the Burnett case, supra, had been overruled in Clifton v. State, and followed in subsequent cases. We are of opinion that the case of Clifton v. State, and subsequent cases are correct. Incest is not a continuous offense. One act of intercourse is a sufficient predicate upon which to base a conviction. This has been held in all of the cases, and may be said to be without exception. And it is necessarily so under the definition of the offense as found in article 349 of the Penal Code. The same rule obtains in rape cases. A single act of rape or incest either if proved is sufficient to justify a conviction. Such is the rule in Texas, and such seems to be the rule in all the States. This rule does not apply, however, to adultery. Under our statute adultery may be constituted in one of two ways, first, by living together, and having intercourse, or by having habitual carnal intercourse without living together. This makes it in a sense a continuous offense. In other words, the definition of adultery has such characteristics that one act is not sufficient unless where the parties are living together. The rule has been laid down and followed in many of the States, that prior acts of illicit intercourse between the parties are inadmissible as corroborative evidence. The office of this corroborative evidence seems to be, under the authorities, to render it probable that by reason of the prior act or acts a party would be the more likely guilty of the act for which he is being tried. This rule has not been followed in all of the States, and the reason for the rule is not founded upon sound principles. Prior acts, under some circumstances, may be admissible, but where the State has made out its case the rule does not obtain. These exceptions are well known to courts and the

profession.   This character of evidence introduced through the mouth of prosecutrix certainly could not corroborate her statement, for she is an accomplice, and can not corroborate herself.   If the other acts of intercourse between the parties in rape and incest were admissible, then it is a self-evident proposition that the accused has a right to defend against each act introduced, and meet it with such testimony as he can to show that it did not occur. Under this state of case the accused would be authorized to defend against an indefinite number of illicit acts introduced by the State which are in no way connected with the one for which he is being tried, and the trial would stretch out over such transactions for perhaps years.   Under these circumstances the trial on the main case would be lost sight of in introducing evidence pro and con as to the prior acts.   Under such state of case appellant would be called upon to answer for such acts of illicit intercourse about which he had no notice in the indictment, and of which he was in no way legally apprised would be used against him; and it would doubtless further result in a conviction on *general principles* instead of for the particular offense alleged against him.   This court has for years held, in incest and rape, evidence of prior acts inadmissible, and the decisions place the two offenses in this respect upon the same basis.   We believe the rule ought to be in this character of case, and all others, that the accused should be tried for the offense of which he is indicted, and that the State would be prohibited from going out and hunting up the derelictions of a life, or for years, and inject them into the case simply to show the probability, that because he had heretofore been guilty of something, that, therefore, he might be guilty in the case on trial.   We think that on sound reasoning and on principle, the decision in Clifton v. State, supra, and those cases that follow it are correct and enunciate the correct doctrine.   The Barrett case, 55 Texas Crim. Rep., 182, therefore, is overruled.   We hold, therefore, upon a review of the whole question, that the rule laid down in the Clifton case, supra, and those cases that are in accord with and follow it, are correct.

2.   The State having introduced evidence of the fact that on the 17th of September prosecutrix gave birth to a child following the intercourse testified by prosecutrix as having occurred the previous month of December, appellant offered evidence to show that during the month of December and during the months of October and November prosecutrix had carnal intercourse with another man. This was rejected by the court, and that ruling is presented for revision.   We are of opinion the court was in error.   Having introduced the fact that the girl had a child within nine months after she stated appellant had intercourse with her the previous December, appellant had the legal right to show, if he could, that he was not the father of the child.   This question was decided in the case of

Bader v. State, at the present term of the court. The usual rule is, where the evidence is clear that the accused had sexual intercourse with prosecutrix, it is immaterial how often other parties may have had intercourse with her or as to who they were. The fact that parties had intercourse with each other who are within the prohibited degrees mentioned in the statute is sufficient to prove the case, and it would make no difference how often the female relative may have had intercourse with other men, but that rule does not apply in this particular case, for the reason the State introduced the fact of the birth of the child as a circumstance. Appellant had the right to prove, under these circumstances, by this character of proof, that another party may have been the father of the child, as a means of meeting this phase of the State's case. Testimony that is often not admissible as original testimony in behalf of the party offering it, may and does become admissible by reason of the fact that facts and circumstances are introduced against him by the other side. The State having relied upon the fact that the birth of the child was the result of the intercourse between appellant and his niece in December, which intercourse was denied by him, he could prove by the same character of testimony relied upon by the State that another party was the father of the child. This has been the rule in Texas since the case · of Dubose v. State, 10 Texas Crim. App., 230. That case has been followed with an unbroken line of decisions. Hart v. State, 15 Texas Crim. App., 202; Kunde v. State, 22 Texas Crim. App., 65; McInturf v. State, 20 Texas Crim. App., 335, and cases there cited; Johnson v. State, 49 Texas Crim. Rep., 314; Kirby v. State, 49 Texas Crim. Rep., 517; Coffelt v. State, 19 Texas Crim. App., 436; Murphy v. State, 36 Texas Crim. Rep., 24; Harrison v. State, 47 Texas Crim. Rep., 393.

3. Appellant offered to prove by the witness Frank Hill that during the months of September, October, November and December, he had intercourse with prosecuting witness, Effie Skidmore. On objection by the State the court excluded this testimony. This was admissible for the purpose of showing the acts of intercourse had with the witness during the month of December might have brought about the pregnancy of Effie Skidmore, and that he was the father of her child born the following September. As before stated, this evidence was admissible for the purpose mentioned.

4. John C. Hamilton, after stating that he knew Miss Effie Skidmore, and that he waited on her for about seven or eight months occasionally while she was living with her father, was asked by counsel for the State to state to the jury whether or not during the time he had waited on her he ever saw any impropriety or misconduct on her part. Appellant urged objections to this testimony to the effect that the State was not entitled to show what her

general reputation was, or introduce evidence of this character to meet the acts of impropriety introduced against her by appellant, and that the State would not be authorized to specify acts of morality or good conduct upon her part. As a rule, evidence in regard to the character or reputation of prosecutrix, in a case of incest, is not admissible, for it would make no difference what her reputation was if the incestuous intercourse occurred. The law would be violated if the prohibited relation existed even though the prosecutrix was a prostitute. But we are of opinion even where the character or reputation of prosecutrix for some reason occurring during the trial is admissible, yet not the character of testimony mentioned in the bill of exceptions. The fact that Hamilton associated with this girl and saw no evidence of impropriety in her conduct would not be admissible.

5. We are of opinion, under all the circumstances, that the evidence with reference to the conveyance of land by appellant to his sister was admissible, as shown by the bill of exceptions. The deed of conveyance from himself to his sister and the deed from her reconveying the land was in the possession of appellant or at least had been traced to his possession. The State in any event did not have the deeds or access to them and could in no manner produce them. Notice had been given appellant to produce the deeds else the State would introduce secondary evidence. The deeds were not produced, and the evidence tendered in the bill of exceptions as well as in statement of facts was introduced through the mouths of witnesses to prove the conveyance, dates, etc. This evidence was introduced in connection with the fact that appellant left the State for a short while and returned. While he gave an explanation of these matters, still this was evidence on the part of the State to go to the jury.

6. The remark of counsel for the State to the effect that if appellant would take the stand he could prove certain facts by him, will not occur upon another trial, therefore, it is not discussed. It may be well enough to remark that all allusions of this sort should not be indulged during the trial. Such allusions can serve no good purpose, and, whether strictly erroneous or not, or really in fact referring to the failure of the defendant to testify or not, are trenching on dangerous grounds and are wholly unnecessary, and may involve questions of reversible nature when there is no necessity for it.

For the errors indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

RAMSEY, JUDGE (dissenting).—I agree that the conclusion reached in the opinion reversing this case is correct, and I have no

serious disagreement with the opinion except in the first paragraph thereof.

It is my firm belief that in prosecutions for incest it is permissible, in corroboration of the testimony of the State, to show acts of familiarity, relationship fondness, intimate association or other acts of criminal intercourse both before and after the act relied upon as the basis of conviction, subject only to the rule that these matters shall be so related in point of time that they will throw some light on, tend to explain, and corroborate the particular act relied on for a conviction. I have not had, in the closing hours of this year, the opportunity to exhaust the subject fully or to extend my investigations as far as I would desire, but my investigation has covered such authorities as are readily accessible, and these authorities are so numerous and overwhelming, and the reasoning is so sound and conclusive in favor of this rule, that I must go on record upholding the decisions of this court in the case of Burnett v. State, 32 Texas Crim. Rep., 86, and the more recent case of Barrett v. State, 55 Texas Crim. Rep., 182. I feel that the court, in some expressions in the cases of Clifton v. State, 46 Texas Crim. Rep., 18, and French v. State, 47 Texas Crim. Rep., 571, has, without consideration, fallen into an obvious error, which was justly righted in the case of Barrett v. State, supra, and that we ought not to depart from the rule announced in the Barrett case, but ought to reaffirm and follow it. Before treating the later cases departing from the rule in Burnett v. State, supra, I desire to quote from that case. The opinion in that case was rendered on the 22d day of April, 1893, when the court was composed of Judges Hurt, Davidson and Simkins. The opinion was written by Judge Simkins. The question was squarely presented, and was essential to a decision of the case. It was the only point made in the case, and the only question raised or decided. It was a case of incest. The opinion is short, and is as follows: "Appellant was convicted of incest, and his punishment fixed at two years in the penitentiary, from which he appeals. The sole question raised in the case is, whether the State can prove the crime of incest by evidence of more than one act. This is not an open question. It is well settled that in prosecutions for adultery, or for illicit intercourse of any class, evidence is admissible of sexual acts between the same parties prior to, or, when indicating continuousness of illicit relations, even subsequent to, the act specifically under trial. Whart. Crim. Ev., sec. 35. The testimony tends strongly to establish illicit relations, long continued, between the parties, and, if true, there can be no question of appellant's guilt. The judgment is affirmed." This decision is in line with the authorities the world over, practically without a dissent, and the later rule, as I shall undertake to show, is not only intrinsically unsound, but opposed to enlightened

principles and the practically uniform holdings of courts of the highest standing and respectability throughout the land. It is also opposed to the statement of the law as found in works of the highest authority. In 22 Cyclopedia of Law and Procedure, p. 53, the rule is thus stated:

"When incest is charged prior acts of sexual intercourse between the same parties or previous familiarities not amounting to actual intercourse are admissible, not as affording proof of a substantial offense in themselves, but as corroborating other evidence of the act charged and as tending to show the relations existing between the parties as bearing upon the probability of the commission of the crime. And this rule is applicable to prior acts of intercourse, although a prosecution therefor has been barred by the statute of limitations. But when evidence of prior acts of intercourse is admitted in evidence, it is held to be error not to instruct the jury that such evidence is to be considered as corroborating other evidence of the commission of the crime.

"In some jurisdictions acts of familiarity or intercourse subsequent to the time of the alleged offense are inadmissible; but in other jurisdictions the rule is laid down that acts of improper familiarity or illicit intimacy or relations between the parties, subsequent as well as prior to the act charged, are admissible as corroborative evidence, when they tend to show a continuous illicit relationship. Such acts are never admissible, however, as independent subsequent offenses or until the prosecution has selected some particular acts of a certain date, and has elected to rely upon proof of such fact for a conviction." The authorities supporting the proposition are as follows: People v. Stratton, 141 Cal., 604, 75 Pac., 166; People v. Patterson, 102 Cal., 239, 36 Pac., 436; Taylor v. State, 110 Ga., 150, 35 S. E., 161; Lefforge v. State, 129 Ind., 551, 29 N. E., 34; State v. Markins, 95 Ind., 464, 48 Am. Rep., 733; State v. Hurd, 101 Iowa, 391, 70 N. W., 613; Smith v. Com., 109 Ky., 685, 60 S. W., 531, 22 Ky. L. Rep., 1349; Mathis v. Com., 13 S. W., 360, 11 Ky. L. Rep., 882; State v. De Hart, 109 La., 570, 33 So., 605; People v. Skutt, 96 Mich., 449, 56 N. W., 11; People v. Cease, 80 Mich., 576, 45 N. W., 585; People v. Jenness, 5 Mich., 305; State v. Pippin, 88 N. C., 646; State v. Kemp, 87 N. C., 538; Com. v. Bell, 166 Pa. St., 405, 31 Atl., 123; State v. Reynolds, 48 S. C., 384, 26 S. E., 679; State v. De Masters, 15 S. D., 580, 90 N. W., 852; Burnett v. State, 32 Texas Crim. Rep., 86, 22 S. W. Rep., 47. The authorities holding that this rule applies to acts of prior intercourse, although a prosecution therefor has been barred by the statute of limitations, are as follows: Taylor v. State, 110 Ga., 150, 35 S. E., 161; State v. Pippin, 88 N. C., 646; Com. v. Bell, 166 Pa. St., 405, 31 Atl., 123. As to subsequent acts the following authorities hold such testimony inadmissible: Lovell v. State, 12

Ind., 18; Clifton v. State, 46 Texas Crim. Rep., 18, 79 S. W., 824; State v. De Masters, 15 S. D., 581, 90 N. W., 852.

The rule established in Lovell v. State, 12 Ind., 18, was overruled in the later case of Lefforge v. State, 129 Ind., 551. So, the cases supporting the contrary of my position are limited to the case of Clifton v. State, 46 Texas Crim. Rep., 18, and the case of State v. De Masters, 15 S. D., 581, and by a divided court in State v. Hilberg, 22 Utah, 27, 61 Pac., 215. It is significant, too, that the States upholding this doctrine are those in one of which polygamy was within the memory of men still living thought to be a virtue, and in the other of which, until in recent times, divorces were ground out while you wait. It seems to me that this reasoning is utterly unsound and fallacious.

The doctrine in the Burnett and Barrett cases is thus laid down in the Am. & Eng. Ency. of Law, vol. 16, p. 139: "Previous acts of lascivious familiarity between the parties not amounting to actual intercourse are competent evidence in prosecution for incest, since the evidence is of such character as tends to make it probable that the parties did commit the specific offense charged; they constitute the foundation of an antecedent probability.

"And it has been asserted that while it is a general rule in criminal cases that evidence of the commission of other, though similar offenses, by the defendant, is not admissible for the purpose of showing that he was more likely to have committed the offense for which he was on trial, nor as corroborating the testimony relating to the commission of such principal offense, the courts have shown a disposition to relax the rule in cases where the offense consists of illicit intercourse between the sexes. Accordingly, evidence of previous acts of actual intercourse between the parties is admissible, if offered to show an antecedent disposition to perpetrate the crime and not to prove distinct and substantive offenses, such evidence being of much stronger probative force than mere acts of indecent familiarity.

"If any act is so remote in point of time from the act laid in the indictment that the statute of limitations would protect the participants in it in case of their prosecution therefor, evidence thereof is still admissible if it is one of a series of acts indicating continuousness of sexual intercourse.

"Evidence of acts of illicit intercourse between the parties subsequent to the act specifically under trial is admissible when indicating continuousness of illicit relations."

In the Century Digest, vol. 22, p. 43, the general rule is stated, that on a trial for incest, evidence of sexual acts between the parties, subsequent to the act charged, is admissible, citing Mathis v. Com., 13 S. W., 360; Burnett v. State, 32 Texas Crim. Rep., 86, 22 S. W. Rep., 47. And the only case cited by the compiler of

that valuable work to the contrary is the case of Lovell v. State, 12 Ind., 18, rendered in 1859, which was overruled both in the case of Lefforge v. State, 129 Ind., 551, and also in the case of State v. Markins, 95 Ind., 464. So that the rule laid down in the majority opinions, so far as I have been able to ascertain, has not received the sanction of any text writer, and is not supported by any decision in America except in the South Dakota and Utah cases above referred to.

The Burnett case, in which the view I entertain was first affirmed, was overruled for the first time in the case of Clifton v. State, 46 Texas Crim. Rep., 18, evidently on a misapprehension of the effect of former decisions of this tribunal, as I shall undertake to demonstrate. The first time the Burnett case was referred to, so far as my investigations have disclosed, was in the case of Smith v. State, 44 Texas Crim. Rep., 137, 68 S. W. Rep., 995. That opinion was rendered on the 11th day of January, 1902, when this court was composed of Judge Davidson, Presiding Judge, with Judges Henderson and Brooks sitting. That was a rape case. In that opinion not only was the case of Burnett v. State, supra, not overruled, but the correctness of the rule therein laid down was recognized. Judge Henderson, who wrote the opinion, says: "Whart. Cr. Ev., sec. 35, lays down the proposition in general terms that, 'in prosecutions for adultery or for illicit intercourse of any class, evidence is admissible of sexual acts between the same parties prior to, or, when indicating continuousness of illicit relations, even subsequent to, the act specifically under trial. Prior sexual attempts on the same woman are admissible under the same limitations, on a trial of rape.' We have examined the authorities, and so far as we are aware there is no case where the party was being tried for rape, in which subsequent acts to that charged in the indictment were admitted in evidence. But it is urged by the State that rape of a girl under 15 years of age, with her consent, is, as to the act of carnal intercourse, analogous to cases of adultery and incest; and that the rule with reference to the admission of testimony in such cases is applicable here; that is, that any testimony which would tend to show familiarity between the parties involving like offenses not too remote, though subsequent, would be admissible in evidence as a circumstance tending to show the likelihood that appelland committed the offense charged against him. We confess that the reasons for the admissibility of such testimony in the one case seem equally cogent in the other. Burnett v. State, 32 Texas Crim. Rep., 86, 22 S. W. Rep., 47, and particularly see Bish. St. Crimes, sec. 682. However, as stated before, no authority can be found extending this doctrine to cases of rape; and we apprehend it will be found that even in incest and adultery cases, being continuous

offenses, such testimony is admissible only as tending to solve some controverted issue."

The next case, in point of time, referring to this matter, is the case of Ball v. State, 44 Texas Crim. Rep., 489, 72 S. W. Rep., 384. That was a case of rape. In discussing the matter Judge Henderson, who wrote the opinion, says: "This question was reviewed in Smith v. State, 44 Texas Crim. Rep., 137, 68 S. W. Rep., 995, 5 Texas Ct. Rep., 372, and, after reviewing the authorities, we held that the acts in said case were not admissible. The acts which were there complained of were subsequent, but more remote in point of time than those here suggested. It was pointed out in said case that the authorities authorized the introduction of evidence of subsequent acts in cases of incest and adultery, which were continuous offenses. Burnett v. State, 32 Texas Crim. Rep., 86, 22 S. W. Rep., 47; Wharton Cr. Ev., sec. 35; Bishop Stat. Crimes, sec. 682. It was further remarked in said case that we could find no authority extending this doctrine to cases of rape; but it was suggested, in that connection, that it was difficult to discriminate in principle between the admission of such evidence in cases of rape by consent, where prosecutrix was under age, and cases of incest and adultery. The only object of such testimony. in either case was to shed light upon the main question at issue, which was as to act of carnal intercourse between the parties. But inasmuch as the question is again presented, we have deemed it proper to again look into the authorities. We understand the State relies upon Sharp v. State, 15 Texas Crim. App., 171, as authorizing this character of evidence. We have examined that case, and, while we find appellant, in his brief, raises the question of subsequent acts, we do not find the court, in its opinion, treated that phase of the case, but merely decided the question as to the admission of prior acts. As stated heretofore, we can find no case of rape where subsequent acts have been held to be admissible." Again, in substance, and in effect, recognizing the distinction between the cases of rape and incest, and again affirming the correctness of the doctrine laid down in Burnett v. State, supra, and declaring the rule in harmony with that recognized by Wharton and Bishop, both of whom are referred to with approval in the opinion.

This question, as applied to a case of rape, again came before the court in the second appeal of Smith v. State, 73 S. W. Rep., 401, rendered on the 26th day of March, 1903. The opinion of the court on that appeal was written by Judge Brooks. He held, in substance, that in a case of prosecution for rape, evidence of acts of intercourse committed with the prosecutrix subsequent to the offense alleged in the indictment is inadmissible in corroboration, or to convict accused on general principles. He says: "It is not permissible to prove independent and distinct crimes to the one

on trial, unless they form part of a system or part of the res gestae, or to identify the accused. Proof of such other crimes is not admissible, except as stated, under the rules of evidence in this State, and the court was in error in so holding. And insofar as the cases of Hamilton v. State, 36 Texas Crim. Rep., 372, 37 S. W., 431; Callison v. State, 37 Texas Crim. Rep., 211, 39 S. W. Rep., 300; Hanks v. State, 38 S. W. Rep., 173; Cooksey v. State, 58 S. W. Rep., 103, announce a contrary rule, the same are hereby overruled." It will thus be noted that the court, in terms and by name, overrules a number of cases applying this doctrine to cases of rape, but wisely spared the rule laid down in Burnett v. State, supra, and which had theretofore been in terms recognized by the court composed of these same judges. In the case of Barnett v. State, 44 Texas Crim. Rep., 592, 73 S. W. Rep., 399, on the same day or day before, in a rape case, the court laid down the same rule, and again left the Burnett case unmolested and undisturbed.

In the case of Clifton v. State, 46 Texas Crim. Rep., 18, the Burnett case was, without discussion, and obviously on a misapprehension of the authorities, in terms, overruled. That was a case of incest in which other acts of intercourse were offered and admitted in evidence. Discussing this matter, Judge Davidson, speaking for the court, says: "All this testimony should have been excluded. Ball v. State, 72 S. W. Rep., 384; Smith v. State, 73 S. W. Rep., 401; Barnett v. State, 73 S. W. Rep., 399. While the above were rape cases, the question involved is practically the same. There are no reasons which exist in regard to the admission of other acts of intercourse in rape that would not reasonably apply to the crime of incest. Incest is not a continuous offense; each act of incestuous intercourse constitutes a different offense. The State relies upon Burnett's case, 32 Texas Crim. Rep., 86. The opinion in that case is authority for the contention of the State. The cases cited, supra, are in conflict with Burnett's case, and therefore overrule it. Upon another trial this testimony should be rejected. These acts in no way tend to develop the res gestae, show intent, or connect defendant with the case on trial. The witness testifies definitely to the act of intercourse." Now, it will be noted that no reason is given showing any infirmity, weakness or error in the Burnett case. It is stated that the cases cited, supra, are in conflict with the Burnett case, and therefore overrule it, whereas, in Ball v. State, 44 Texas Crim. Rep., 489, 72 S. W. Rep., 384, the rule in the Burnett case is, in terms, recognized and approved, and, whereas, in the other cases, Smith v. State, supra, the court does overrule certain cases in which this rule had been applied to rape, but does not mention the Burnett case, and apparently had acquiesced in the correctness of the rule in the Burnett case. It will be noted that in all the cases cited above except the Burnett case, the court

was composed of Judges Davidson, Henderson and Brooks, and that Judge Davidson was a member of the court when the Burnett case was decided. In the later case of Wiggins v. State, 47 Texas Crim. Rep., 538, rendered the 25th day of January, 1905, when Judge Davidson was absent, the rule was again announced, that where upon trial for rape the court admits in evidence other acts of sexual intercourse than the one for which defendant is on trial and not bearing on the case, the judgment of conviction must be reversed and the cause remanded. In that case the indictment charged both rape and incest, though as the conviction was for rape, I assume that the issue of incest was not submitted. Judge Henderson seems to recognize, to some extent, the rule that acts of familiarity, stopping short of actual intercourse, would be admissible. Referring to the case of Henard v. State, 47 Texas Crim. Rep., 168, 10 Texas Ct. Rep., 191, he says: "In that case we held that acts tending to show a degree of familiarity between the parties not extending to acts of carnal intercourse were admissible, but here the State did not stop with acts of mere familiarity, but proved other acts of intercourse."

In the case of Thayer v. Thayer, 101 Mass., 111, it is stated: "There is in each case," said the learned judge who delivered the opinion of the whole court, "a plain misapplication of the rules of evidence to the facts presented. . . . The intent and disposition of the parties towards each other must give character to their relations, and can only be ascertained, as all moral qualities are, from the acts and declarations of the parties. It is true, that the fact to be proved is the existence of a criminal disposition at the time of the act charged; but the indications by which it is proved may extend, and ordinarily do extend, over a period of time both anterior and subsequent to it. The rules which govern human conduct, and which are known to common observation and experience, are to be applied in these cases, as in all other investigations of fact. An adulterous disposition existing in two persons towards each other is commonly of gradual development; it must have some duration, and does not suddenly subside. When once shown to exist, a strong inference arises that it has had and will have continuance, the duration and extent of which may be usually measured by the power which it exercises over the conduct of the parties. It is this character of permanency which justifies the inference of its existence, at any particular point of time, from facts illustrating the preceding or subsequent relations of the parties. The rule is, that a condition once proved is presumed to have been produced by causes operating in the usual way, and to have continuance till the contrary be shown. The limit, practically, to the evidence under consideration, is that it must be sufficiently significant in character, and sufficiently near in point of time, to have a tendency 'to lead

the guarded discretion of a reasonable and just man' to a belief in the existence of this important element in the fact to be proved. If too remote or insignificant, it will be rejected, in the discretion of the judge who tries the case. The fact that the conduct relied on has occurred since the filing of the libel does not exclude it; and proof of the continuance of the same questionable relations during the intervening time, as in the case at bar, will add to its weight."

The reasoning in the Wiggins case is also open to the criticism of Mr. Bishop. In discussing the earlier rule laid down by the Supreme Court of Massachusetts, he says: "But, strangely enough the Massachusetts court further held, on an indictment for adultery, that if the anterior familiarities extend so far or are of such character as to show adultery actually committed on this previous occasion, the evidence of them, that is, of the previous adultery, is not admissible. Commonwealth v. Thrasher, 11 Gray, 450, according to which doctrine, if the evidence is a little weak, yet tending remotely to establish the crime, it may be submitted to the jury; but if it is a little stronger and tends more clearly to the same result, it must be excluded." And the author adds, with fine irony, "But, as is customary with a part of this court, making no acknowledgment or allusion to the author or his work, that had enabled it to efface, before becoming indelible, a blot from the jurisprudence of the State." On what principle acts of familiarity, in a case of incest, not extended to acts of criminal intercourse, are admissible, and yet the act of the parties being in flagrante delicto is to be rejected, seems to me to be, on any rational basis, difficult to comprehend.

The case of Burnett v. State, supra, is not referred to in Wiggins v. State, supra, and it does not necessarily contravene the rule therein laid down. However, in the case of French v. State, 47 Texas Crim. Rep., 571, when Judge Davidson was again absent, Judge Henderson uses this language: "The rule in this State was that former acts of illicit intercourse could be proven, not only in incest and adultery, but in rape, in order to shed light on the offense charged. Burnett v. State, 32 Texas Crim. Rep., 86; Funderburg v. State, 23 Texas Crim. App., 392. But this doctrine as to rape has been overruled. Smith v. State, 7 Texas Ct. Rep., 343, 918. It has also been overruled as to incest. Clifton v. State, 46 Texas Crim. Rep., 18, 79 S. W. Rep., 824. We can see no distinction as to this matter between incest and adultery. However, these authorities are limited as to other acts of carnal intercourse. In Henard v. State, 47 Texas Crim. Rep., 168, 11 Texas Ct. Rep., 191, it was held that acts of intimacy falling short of carnal intercourse were admissible in rape cases. And we can see no reason why the same principle should not be extended to incest and adul-

tery.  We, therefore, hold that former acts of intimacy short of carnal intercourse of recent date may be proven in such cases.  But appellant raises the question of remoteness as to the acts of familiarity proven here, antedating the offense some four or five years. We hold that said acts of intimacy are too remote.  There was ample time for the parties to have reformed or to have become estranged.  This is in accord with - the doctrine announced in Bowers v. State, 6 Texas Ct. Rep., 428."  It will be noted that ultimately the decision of the case was rested on the fact that the acts of familiarity having occurred some four or five years before the one charged, they were too remote.  There is no discussion here of the doctrine, but Judge Henderson seems to have followed the Clifton case, supra, on the assumption that the earlier authorities had overruled it.

In Barrett v. State, 55 Texas Crim. Rep., 182, we, in terms, reaffirming the doctrine laid down in the case of Burnett v. State, supra, and said:  "Again, complaint is made that the court erred in admitting in evidence certain testimony to the effect, in substance, that on one occasion appellant accompanied his niece on a journey some eight or ten miles from their home, and that they returned alone that night.  It is insisted that this testimony was immaterial and irrelevant, and that it was an inquiry into other and additional transactions, which should not be considered or received as a criminating fact against him.  It was decided by this court in the case of Burnett v. State, 32 Texas Crim. Rep., 86, that in a prosecution for incest or for cognate offenses of any class, evidence is admissible of sexual acts between the same parties prior to, or, when indicating continuousness of illicit relations, subsequent to the act specifically under trial.  It would also necessarily follow that acts of familiar association and opportunities for such relations might be received.  I then thought it unnecessary to write out the reasons or cite authorities sustaining this view."

That this is the correct rule under practically the unbroken authorities in America, supported by the most distinguished law writers, is, I think, demonstrable by the authorities above cited. That it is the correct rule in reason I have not the slightest doubt. My own judgment is that this rule ought to apply in rape cases under the age of consent.  Such had been the uniform holding of this court from the day of its organization for almost a quarter of a century, and was departed from, I believe, without good reason. I have heretofore accepted the new doctrine in cases of rape without much investigation, but, as I believe, it is an unsound doctrine, and that we ought to get back to the old rule so long in force in this State.  However this may be, there is, as I conceive, a distinction as broad as the King's highway between the rule in cases of rape and in cases of incest.  In cases of rape, if the victim is

above the age of consent, the intercourse must be without the consent of the outraged party and by force. The offense, therefore, is primarily an offense against the victim, and an outrage upon the person of the one deflowered. If the outraged party is below the age of consent, the law presumes a lack of consent, and makes the connection rape as a matter of law. Here in the same sense and for the same basic reason the offense is one primarily against the victim. In other sexual crimes, where consent does not enter into the problem, it is to some extent an offense against society. Ordinarily, incest, falling short of rape, is not the result of sudden impulse, but grows out of a relation having its foundation in fondness and intimacy, or in cases where a father had, through fear, obtained such ascendency over the mind of his daughter as would, in a sense, compel acquiescence without violent protest. It does not develop over night. It is the slow work of days and weeks and months and years, between cousins, nieces or nephews, or other close relatives of opposite sex. It grows out of familiarity, common taste, intimate association, fondness, affection. The improbability of such an offense without some precedent or subsequent relationship of a similar character renders necessary for the protection of society the rule so well established that as throwing light on, as corroborative of the incident and act relied upon, it is permissible to show other acts of a similar character. If in a given case a father was charged with incest, with his daughter as the victim, it would, in most cases, if the State was restricted in its proof to one single act of intercourse, seem almost incredible that any father should be guilty of an offense of this kind upon the child of his loins. Would it be contended in such case that the State should not be permitted to show proof of opportunity, proof of intimate association, proof of endearment, evidences of fondness, evidences of the ascendency of the father over the mind of his daughter, or any one of the thousand circumstances that might lend strength and probability to the belief that the father had by reason of any or all of these things finally gained the consent of his child to intercourse. The reasoning of the courts is based on the proposition that the offense does not consist wholly in the single act of intercourse, but it is the incestuous relation culminating in such intercourse that the law seeks to avoid. This to some extent is based upon the effort of the State to protect the sacredness of the family relation, to prevent persons within the prohibited · degrees from flaunting their meretricious relations before the public, to prevent the outrage of and flagrant disregard of the amenities and proprieties of our social life, and to stamp with disapproval such relations and conduct as would corrupt and destroy the sanctity of the home life of our people. The offense is, therefore, in a large sense, an offense against society and the public, and the evidence of this

offense may be found to occupy a large portion of the daily conduct of the offending parties, and when necessary to ascertain the truth, any and all acts, throwing light on such relations, should be admitted. If this much be conceded, why should it be deemed a thing incredible, that in support of the act charged evidence by other persons of a criminating character in connection with the testimony of the victim of the intercourse should be rejected? Of course, as many of the books say, on request, or probably without request, the jury should be instructed that other acts of intercourse or other acts of familiarity should be received and considered by them only as bearing upon the particular act and incident made the basis of the charge.

This opinion might be elaborated and continued to much greater length, but it will be sufficient to indicate at least the purport of my views and to serve notice that the question is not settled, and I hope will not be settled until it is settled right. I have on several questions agreed with the settled policy of this court where I found myself not prepared to agree to the correctness of the doctrine and rules heretofore laid down by the court. However, the rule here, as I believe, is calculated to paralyze and render limp and impotent the arm of the law oftentimes to reach the lecherous beast who violates the chastity of his own flesh and blood, and I am not committed or influenced by the same consideration to agree to the rule here sought to be established. Again, if the decisions of Barrett v. State, and Burnett v. State, supra, are to be again changed, we will have, in the course of sixteen years, the rule four times laid down, and four times laid down differently, a change occurring as often as our presidential election, and this change made only to arrive at a conclusion which is, as I believe, vicious and erroneous. Unless I was morally certain beyond the shadow of a doubt that the rule laid down in the Burnett case was wrong, I could never get my consent to change it.