## WALTER HOWE v. THE STATE.

### No. 3714. Decided March 20, 1907.

**1.—Seduction—Corroboration of Accomplice—Marriage—Intercourse.**

Upon trial for seduction, where the court charged that the prosecutrix was an accomplice, and the jury could not consider her testimony for any purpose unless they found the accomplice testimony to be true, and that they must find that defendant obtained carnal knowledge of her by means and in virtue of a promise of marriage to her previously made by him, the same was a sufficient application of the law to the facts; and was not defective in not telling the jury that the corroboration must be on the marriage and on the act of intercourse specifically. Qualifying Woolley v. State, 96 S. W. Rep., 27. Davidson, Presiding Judge, dissenting.

**2.—Same—Profert of Child.**

Where upon trial for seduction the defendant objected to the placing in the arms of the prosecutrix the child which she claimed to be that of the defendant, while she was on the witness stand; and the court's explanation showed that the defendant made profert of the child, or asked that it be done, to show that it did not favor defendant but another man, there was no error.

**3.—Same—Evidence—Acts of Prosecutrix Mother.**

Upon a trial for seduction there was no reversible error in permitting prosecuirtx' mother to testify that prosecutrix' father was dead, and that she had always welcomed defendant to her home.

**4.—Same—Inference—Bill of Exceptions—Third Parties.**

Upon trial for seduction, there was no error to permit the State to show that during the birth of the child the four brothers of prosecutrix were present, this could not be prejudicial; especially where the bill of exceptions did not disclose the purpose of the testimony.

**5.—Same—Sufficiency of the Evidence.**

See opinion for evidence held sufficient to sustain a conviction for seduction and to warrant the punishment assessed by the jury.

Appeal from the District Court of Fisher. Tried below before the Hon. H. R. Jones.

Appeal from a conviction of seduction; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Beall & Beall* and *Will G. Barber,* for appellant.—On question of corroboration of accomplice: Armstrong v. State, 33 Texas Crim. Rep., 418; Wilkerson v. State, 57 S. W. Rep., 956; Barnard v. State, 76 S. W. Rep., 475; McCuller v. State, 36 Texas Crim. Rep., 213; Snodgrass v. State, 31 S. W. Rep., 366; Fine v. State, 77 S. W. Rep., 807; Woolley v. State, 96 S. W. Rep., 27.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of seduction and his punishment assessed at seven years confinement in the penitentiary.

Appellant's first error in motion for new trial complains that the court erred in applying the law of accomplice testimony to the facts in this case, and in not charging the jury specially that Effie Winn was an accomplice, and that they could not consider her testimony for any purpose, unless they should find from the evidence in the case to their satisfaction beyond a reasonable doubt that her testimony was corroborated and true. The charge of the court, after giving the definition of seduction, as laid down in the statute, is as follows: "Seduction means to lead away a female from the path of virtue, to entice or persuade her, by a promise of marriage to surrender her virtue and have carnal intercourse with the man making such promise. To constitute the offense of seduction it must appear that carnal intercourse with the female was accomplished by means of a promise to marry her, made prior to the illicit intercourse, such promise, and yielding her virtue in consequence thereof, constitutes the gist of the offense. In seduction the female seduced is an accomplice of the male offender, and on trial of a person charged with seduction no conviction can be had upon the testimony of the female alleged to have been seduced unless the same is corroborated by other evidence tending to connect the defendant with the offense charged and such corroborative evidence must be sufficient to satisfy the jury beyond a reasonable doubt of the truth of the evidence by the female alleged to have been seduced. Now, keeping in mind the foregoing instructions: If you believe from the evidence beyond a reasonable doubt that in Fisher County, Texas, on or about the 15th day of March, 1905, the defendant Walter Howe did, then and there unlawfully seduce Effie

Winn, an unmarried woman under the age of twenty-five years, and did then and there obtain carnal knowledge of the said Effie Winn by means and in virtue of a promise of marriage to her, previously made by him, the said defendant, Walter Howe, then you will find the defendant guilty as in the indictment and assess his punishment at confinement in the penitentiary for any term the jury may determine, provided it be for not less than two nor more than ten years. If you do not believe from the evidence beyond a reasonable doubt that the defendant committed the offense charged against him, you will find the defendant not guilty." We think the above cited charge does sufficiently apply the law of accomplice to the facts in this case. It would have been better if the court had been a little more specific in the application, but we do not think there could be any possible question but what the jury understood that the court was not only defining the offense but making a direct application of the law in this charge to the facts in this case. The court does charge that the prosecutrix is an accomplice, and the jury could not consider her testimony for any purpose unless they found the accomplice testimony to be true. Appellant cites us to the case of Woolley v. State, 96 S. W. Rep., 27, as authority on the proposition that the charge is defective in not telling the jury that the corroboration must be on the marriage and on the act of intercourse specifically. A careful reading of the Woolley case would show that the case was reversed for lack of sufficient evidence to corroborate the accomplice on these two propositions. It was not intended or designed in said decision to hold that the charge itself must state that the corroboration must be upon these two propositions. But said decision shows that the case was reversed for lack of corroboration on the intercourse and marriage. This will be made apparent by statement of the charge in the Woolley case, which is as follows: "If the jury should believe the testimony of Victoria Padgitt to be true, and that it showed or tended to show that defendant was guilty of the offense charged, still they could not convict unless they should further find there was other testimony outside of that of Victoria Padgitt, the seduced female, tending to connect defendant with the commission of the offense." This charge, in the light of the decisions of this court, is correct, and we were not intending in the Woolley case to state that it was not, but the thought in said case attempted to be inforced was as stated the insufficiency of the evidence.

Appellant only asked one special charge, which was given by the court, which charge is as follows: "Gentlemen of the Jury: If you believe from the evidence that the defendant had carnal knowledge of Effie Winn on or prior to June 4, 1905, and at said time was not engaged to her and had not promised to marry her and did not at said time under promise of marriage carnally know her, then I further charge you, that if you should further believe that after said time he did actually engage himself to her and by reason thereof did carnally know her, then he would not be guilty of seduction." Taking the fore-

going charge in connection with the special charge just cited, we cannot believe there was any error in the charge of the court.

Two grounds of the motion for new trial complain that the court erred in permitting the State, over appellant's objection, to place in the arms of prosecuting witness Effie Winn the baby which she claimed to be the child of defendant before the jury, and in permitting profert made of said child to the jury, and their attention called to same by the State, while said Effie Winn was testifying before the jury. This bill is qualified as follows: "The defendant's counsel made profert of the baby mentioned in the second assignment of error set up in their motion for new trial and at their urgent request the court had the said witness Effie Winn and her baby present before the jury where she was compelled at request of defendant's counsel to remain during their argument to the jury, also the witness Jim Scott, and defendant's counsel argued to the jury that said baby favored said Scott more than it did defendant and made profert of both said Scott and said baby before the jury." With this explanation to the bill, there was clearly no reversible error in the ruling of the court.

We do not think there was any reversible error in the court permitting prosecutrix' mother to testify that prosecutrix' father was dead and had been for fifteen years, nor was there any error in permitting prosecutrix' mother to testify that she welcomed appellant to her home and that he was treated well.

Appellant further objects to the court permitting the State to prove that in the early part of the night that the child of Effie Winn was born; that her four brothers came to the house of witness, and that they were in the house, in the yard, and all about the house, and that shortly thereafter Effie Winn (prosecutrix) began to complain and gave birth to the child about 4 o'clock. Appellant objected to this testimony because it was prejudicial, and was offered to explain to the jury that prosecutrix became excited and thereby gave birth sooner than it otherwise would have come. We cannot draw this inference from the testimony alone. The statement of facts does not disclose that the testimony was used for any illegitimate purpose. The mere presence of the brothers of the prosecutrix at the home where prosecutrix gave birth to the child we do not see in what way the same was relevant, pertinent, or prejudicial either. It may have been admissible, however, to show the date of the birth of the child, but the bill does not even disclose this purpose.

Appellant's last insistence is that the evidence is insufficient to support the verdict. We cannot agree to this. The letters of appellant to prosecutrix are strong criminative facts in this record. They are almost tantamount to confessions by appellant of his guilt. The demeanor of appellant upon the witness stand wherein it shows that he had in his possession "cundrums" which he exhibited to the jury, his flight, and various circumstances point irresistibly to the conclusion that appellant and no one else is the author of the shame of

the prosecutrix. Appellant admits the promise of marriage since he conceded that he asked the mother of prosecutrix for the girl. The mother also testifies to it. Appellant admits the act of copulation about the time suggested by the prosecutrix. While some of the corroborative facts may have been after the promise of marriage, still they could as readily relate back and corroborate the fact of promise to marriage and seduction, as if said corroboration occurred at the time of the promise to marry. We do not think the verdict in this case is excessive, nor that it is unsupported by the evidence. A baser and meaner crime is not denounced by our penal code, and the evidence clearly shows that appellant is guilty of the offense, and we think deserves the punishment awarded him by the jury.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE (dissenting).—I most respectfully dissent from the affirmance of this case. My brethren hold that it was not necessary to charge the jury that the prosecutrix, or alleged seduced female, should be corroborated, first, as to carnal intercourse, and second, that such carnal intercourse was obtained under promise of marriage. The statute provides that the seduced female is an accomplice, and must be corroborated by other evidence tending to connect the defendant with the offense. Article 769, Code Criminal Procedure. Unless she is corroborated, as indicated by this statute, a conviction cannot stand, if the law be followed. Passing upon the question of the necessary corroboration, this court said in Spenrath v. State, 48 S. W. Rep., 192, that, "It was incumbent on the State to corroborate her testimony upon two vital issues in order to sustain a conviction: First, the carnal intercourse; and, second, that this carnal intercourse was produced on the promise of appellant to marry the prosecutrix." If this is the law, and it is "upon two vital issues," certainly the jury ought to be informed as to what the law is in regard to those "vital issues," for upon them and the law applicable thereto depends a fair trial under the law, as well as a proper enforcement of the law in regard to steps to be taken to secure a legitimate conviction. That these two questions are necessary to be sustained in the trial of the case will not be questioned, and the facts must show that the prosecutrix was corroborated upon both propositions. This exact question in regard to the charge arose in the case of Woolley v. State, reported in 16 Texas Ct. Rep., 605, and the judgment in that case was reversed, because the charge as given by the court was not sufficient in the respects mentioned. I do not agree to the statement in the opinion herein that the Woolley case was reversed entirely upon the facts, because the opinion, among other things, shows that it was reversed because the court failed to charge in regard to the matters complained of by appellant in this case. It is true, in the Woolley case, we held that the evidence, as presented, was hardly

sufficient, but the opinion shows that it was reversed because of these defects in the charge. I cannot agree, therefore, to the statement in the opinion in this case that we did not reverse on account of the defect in the charge. I cannot altogether agree with my brethren in the statement of the case as to the facts. I do not believe the testimony of appellant himself that he had intercourse with the girl is corroborative of her testimony that she was seduced by him; on the contrary he denies that fact, and if his testimony is true, she had been seduced months prior to his first act of intercourse with her. An inspection of the facts will show that under appellant's testimony his first act of intercourse occurred perhaps in June, and he emphatically denies any prior connection with her. The child was born in four or five months after this act of intercourse, and the child, from the testimony, was a fully developed child. It could hardly be contended, within five months of the intercourse, appellant could be the father of a fully developed nine months child. If so, it may be put down as the first instance of this sort of record. If the first act of intercourse between appellant and prosecutrix occurred in June, then it is self-evident that some other man had had connection with her in the earlier part of the year, perhaps in February. That being true, and appellant's first act occurring in June, the prosecutrix was not the subject of seduction by him. Appellant's testimony was detailed in order to show that he was not the seducer, and while he admitted having intercourse with the girl, it was long subsequent to the time that she had been seduced or was pregnant by some other man. So his testimony was not only not corroborative but was directly the opposite, and showed that the girl was unchaste and not the subject of seduction on his part at the time he had intercourse with her. I have always understood the law to be that wherever an issue is raised on the trial of a case favorable to appellant the law should be given in the charge so that whatever benefit might arise in the minds of the jury, from the facts before him, he might derive that benefit. We have in an unbroken line of decisions held that wherever an issue is raised, though it may be weak, but if favorable to the accused, the court must submit the law applicable to such issues. The statute, article 769, supra, expressly states that a woman is an accomplice, and must be corroborated in cases of seduction. This court has uniformly and invariably held wherever the question has arisen that she must be corroborated; first, as to the act of intercourse on the part of the accused; and second, as to his promise to marry her as a predicate for the intercourse. These, as was said in the Spenrath case, supra, are the "vital issues" in the case, and so far as I am aware, this is the first case in which it has been held that it is not necessary to charge the jury "upon two vital issues" in the case. I thus briefly state, and in a general way, my reasons why I cannot agree to the affirmance of this case.