### George Barrett v. The State.

No. 4533.    Decided January 27, 1909.

**1.—Incest—Indictment—Marriage—Guilty Knowledge.**

In a prosecution for incest where the indictment followed the statute and charged that the intercourse was both incestuous and unlawful. it was unnecessary to charge that the marriage was in the prohibited degree or was entered into knowingly. Simon v. State, 31 Texas Crim. Rep., 187.

**2.—Evidence—Familiarity.**

Upon trial for incest there was no error in admitting testimony that on one occasion defendant accompanied his niece, with whom the incestuous intercourse was charged, on a journey some eight or ten miles from their home and that they returned alone that night.

**3.—Same Charge of Court—Repugnancy.**

Upon trial for incest where the court charged on accomplice testimony, and also that the jury were the judges of the credibility of the witnesses and the weight of their testimony, there was no repugnancy between these two charges, and the jury could not have been misled.

**4.—Same—Evidence—Birth of Child.**

Upon trial for incest, there was no error in admitting testimony that some nine months after the alleged intercourse, the woman with whom defendant had such intercourse gave birth to a child.

**5.—Same—Charge on Accomplice Testimony.**

Upon trial for incest where the court in charging on accomplice testimony instructed the jury among other things that a conviction could not be had upon accomplice testimony alone unless the jury first believed that said testimony was true and that it showed or tended to show the defendant guilty, the same was reversible error, and such error is not cured by a requested charge on the same subject which was more liberal than the court's main charge with which it conflicted.

**6.—Same—Corroboration.**

See opinion for discussion with reference to the sufficiency of corroborating testimony.

Appeal from the District Court of Hunt. 'Tried below before the Hon. R. L. Porter.

Appeal from a conviction of incest; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. T. Jones,* for appellant.—On question of indictment: 2 McClain on Criminal Law, sec. 1120, p. 282. On question of court's charge on accomplice testimony: Roach v. State, 4 Texas Crim. App., 46; Welden v. State, 10 Texas Crim. App., 401; Harper v. State, 11 Texas Crim. App., 5; Cohea v. State, 11 Texas Crim. App., 630; Powell v. State, 15 Texas Crim. App., 447; Dunn v. State, 15 Texas Crim. App., 562; Rodes v. State, 38 Texas Crim. Rep., 328. On question of admitting testimony of birth of child: Woolley v. State, 50 Texas Crim. Rep., 214.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of familiarity: Burnett v. State, 32 Texas Crim. Rep., 86. On question of repugnancy: Jackson v. State, 22 Texas Crim. App., 442. On question of birth of child: cases cited in the opinion.

RAMSEY, JUDGE.—The appellant was convicted in the court below on a charge of incest and his punishment assessed at confinement in the penitentiary for two years. The prosecuting witness, Mrs. Lee Watson (nee Lee Barrett) testified to facts which, if true, would have made appellant guilty beyond doubt. A number of questions are raised and grounds urged why this judgment of conviction should be reversed.

1. Among other things, it is urged that the indictment is insufficient, in that it is not alleged distinctly and unequivocally that appellant and prosecutrix were not legally married; nor is it alleged that at the time of the alleged incestuous intercourse, that appellant had knowledge of such relationship. We think, by analogy, at least, that this question should be decided adversely to appellant. The indictment follows the statute and the intercourse is charged to have been both incestuous and unlawful. In the case of Simon v. State, 31 Texas Crim. Rep., 187, it was held that it was unnecessary

to charge that a marriage there alleged to have been in the prohibited degrees, was entered into knowingly, and it is said that an indictment for incest is not defective because it fails to charge that the defendant knowingly entered into an unlawful marriage, and that the statute, article 349, Penal Code, does not employ the word "knowingly" in defining incest. See also Waggoner v. State, 35 Texas Crim. App., 199.

2. Again, complaint is made that the court erred in admitting in evidence certain testimony to the effect, in substance, that on one occasion appellant accompanied his niece on a journey some eight or ten miles from their home, and that they returned alone that night. It is insisted that this testimony was immaterial and irrelevant, and that it was an inquiry into other and additional transactions, which should not be considered or received as a criminating fact against him. It was decided by this court in the case of Burnett v. State, 32 Texas Crim. Rep., 86, that in a prosecution for incest or for cognate offenses of any class, evidence is admissible of sexual acts between the same parties prior to, or, when indicating continuousness of illicit relations, subsequent to the act specifically under trial. It would also necessarily follow that acts of familiar association and opportunities for such relations might be received.

3. It is urged further that the court erred in charging the jury that they were the exclusive judges of the weight of the testimony and the credibility of the witnesses, and that such a charge should not be given in a case like the one under consideration, where the court must also charge the jury that a conviction can not be had upon the uncorroborated testimony of the accomplice. We think there is no necessary repugnancy between the two charges, and that the jury could not be misled, nor the rights of the appellant prejudiced by giving the charge complained of. The identical question was decided adversely to appellant in the case of Jackson v. State, 22 Texas Crim. App., 442, which was a charge of incest, where it is held that the facts demanded of the trial court a charge to the effect that the jury were the exclusive judges of the facts proved and of the weight to be given to the testimony.

4. Counsel for appellant complain that the court admitted in evidence testimony showing that some nine months after the alleged intercourse, appellant's niece gave birth to a child. The ground of this objection was that the testimony was irrelevant and immaterial; that while it would prove that someone had had intercourse with her, it was not a fact or circumstance corroborating her in respect to the specific charge of intercourse with appellant. We think this contention can not be sustained, and that same has, in substance and effect, been ruled adversely to appellant. The fact of the birth of a child was held as a circumstance to be considered in corroboration of the accomplice in the case of Schoenfeldt v. State, 30 Texas

Crim. App., 695, and see also Nance v. State, 17 Texas Crim. App., 385.

5. There are a number of questions urged, such as, the remark of the court on occasion of the production of certain testimony, discussion of the failure of appellant to testify by the jury, and other matters which are not likely to occur on another trial, and we do not, therefore, deem it necessary to discuss them.

6. We think the case must be reversed on account of the charge of the court in respect to the testimony of the accomplice, Mrs. Lee Watson. This charge is as follows: "A conviction can not be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense. You are instructed that, if you believe the testimony of the witness Mrs. Lee Watson, who the testimony shows was formerly Lee Barrett, is true, and that defendant, George Barrett, had carnal intercourse with her, as testified to by her, then you are charged that the witness Mrs. Lee Watson is an accomplice, and a conviction can not be had upon her testimony alone, unless the jury first believes that her evidence is true, and that it shows *or tends* to show defendant is guilty, and then you can not convict unless her testimony is corroborated by other evidence tending to connect the defendant with the offense charged. And the corroboration is not sufficient if it merely shows the commission of the offense." This charge is objectionable and erroneous, in that it authorizes a conviction if the jury believe that the evidence of the accomplice tended to show that appellant was guilty of the crime charged, and that the corroboration of the testimony tending to show such crime would be sufficient to authorize a conviction. We think that this charge falls far short of that certainty which the law demands not only in respect to the testimony of an accomplice, but all other witnesses. It is urged by the State, however, that the error in this charge, if erroneous, is cured by a special charge given by the court at the request of counsel for appellant. This special charge is as follows: "Before you are authorized to convict the defendant you must believe beyond a reasonable doubt that the testimony of the prosecuting witness, Lee Barrett, is true, that there is other evidence independent of the testimony of Lee Barrett tending to show that the defendant is guilty of the offense charged, and that such corroborating evidence, if any, is true. Therefore, if you have a reasonable doubt as to the truth of the testimony of Lee Barrett, or if you have a reasonable doubt as to whether there is other evidence independent of the witness, Lee Barrett, tending to show defendant's guilt; or if you have a reasonable doubt as to the truth of the corroborative evidence, if any, then in either event you will acquit the defendant." This special charge is quite liberal to the appellant. Where, however, as in this case, a different rule is laid

down for the guidance of the jury in respect to one of the most controlling issues in the case we are reluctant to sustain a conviction on the theory that the vice in the general charge of the court, where it is affirmative, is cured by a special charge even of the most favorable character. The conflict is evident. The effect of the two charges we can not very accurately determine. We think the error is such as requires a reversal of the case.

7. Counsel for appellant most strenuously contend that the evidence is insufficient to sustain a conviction. The facts may not be the same upon another trial, and perhaps it would not be proper that we should determine this assignment, though we are not prepared to hold that the testimony of corroboration is either so inconclusive or lacking in probative effect as would justify us in reversing the case.

For the error pointed out the judgment of conviction is reversed and the cause is remanded.

*Reversed and remanded.*