JASPER VANTREESE v. THE STATE.

No. 551.  Decided May 11, 1910.

**1.—Seduction—Charge of Court—Requested Charge—Conflict.**

Where, upon trial of seduction, the court's charge in defining seduction was erroneous, the same was reversible error, although the requested charge given was correct, there being an irreconcilable conflict in the charges submitted.

**2.—Same—Charge of Court—Accomplice Testimony.**

Where, upon trial of seduction, the court's charge on accomplice testimony assumed that an offense was committed and did not require that the testimony of prosecutrix was true, etc., the same was reversible error. Following Campbell v. State, 57 Texas Crim. Rep., 301, and other cases.

Appeal from the District Court of Wharton. Tried below before the Honorable Wells Thompson.

Appeal from a conviction of seduction; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*G. L. Davenport, W. L. Hall, Jno. E. Linn* and *H. A. Cline,* for ap-

pellant.—On question of court's charge on accomplice testimony: Gillian v. State, 3 Texas Crim. App., 132; Simms v. State, 8 Texas Crim. App., 230; Smith v. State, 13 Texas Crim. App., 507; Maples v. State, 56 Texas Crim. Rep., 99; 119 S. W. Rep., 105; Early v. State, 56 Texas Crim. Rep., 61; 118 S. W. Rep., 247; Mitchell v. State, 38 Texas Crim. Rep., 325; Wisdom v. State, 75 S. W. Rep., 22; Howe v. State, 51 Texas Crim. Rep., 174; 102 S. W. Rep., 409; Barnard v. State, 76 S. W. Rep., 475; Barrett v. State, 55 Texas Crim. Rep., 182; 115 S. W. Rep., 1187.

On question of the court's charge on definition of seduction: White v. State, 13 Texas, 134; Ezzell v. State, 29 Texas Crim. App., 521; Jones v. State, 22 Texas Crim. App., 680; Hardin v. State, 13 Texas Crim. App., 192.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This appeal is prosecuted from a conviction had in the District Court of Wharton County on December 10th of last year, finding appellant guilty of the offense of seduction, and assessing his punishment at confinement in the penitentiary for five years. Appellant had theretofore been indicted for the offense of seduction on one Ollie McDonald. This witness testifies to the act of intercourse, and that same was had under a promise of marriage. The intercourse was admitted by appellant, though he did not in terms admit the engagement. There is some suggestion and proof in the evidence that the prosecuting witness was not of a chaste character, and the evidence raises the issue very clearly that she had been guilty of some indiscretion. We deem it unnecessary to make any further or particular statement of the case.

1. Among other things, the court charged the jury as follows: "If you believe from the evidence that Ollie McDonald's conduct for virtue and chastity was bad, and that before the defendant had promised to marry her, if he did do so, and that she was generous and promiscuous in bestowing her favors to other men, then, if under these circumstances, the defendant had carnal intercourse with her, he would not be guilty of seduction and you should find him not guilty." This instruction was clearly not the law. If she was not of a chaste character or if theretofore she had had carnal intercourse with some other man, she was not ·the subject of seduction as that term is known to the law. We find, however, that the court gave a correct charge on this subject at the request of counsel for appellant. The charge of the court and the special charge given are in an irreconcilable conflict, and just how the jury solved or treated this conflict we can not from the record say. The charge of the court being so manifestly wrong constitutes reversible error.

2. The court further instructed the jury to this effect: "You are further charged that the said Ollie McDonald is an accomplice with the defendant in the commission of the offense for which the defendant is on trial. And you can not convict the defendant alone on her testimony unless the same is corroborated by other evidence connecting the defendant with the offense charged. But such corroborating evidence need not be direct and positive, or such evidence as is sufficient to convict independent of that of the said Ollie, but simply such facts or circumstances as support her testimony and satisfy the jury that she is worthy of credit." This charge was complained of in motion for new trial because it failed to charge the jury that such corroborating testimony must be of 'a material character, and that such corroborating evidence must connect defendant with the commission of the offense, and that such corroborating evidence must tend to show the commission of the offense by defendant. There is also a general complaint of the charge. We think the charge is not sufficient. It seems clearly to assume that an offense was committed. It does not require that the jury should find that the testimony of prosecutrix is true, nor does it require the jury to find that from her testimony if true, the offense is made out. The charge is very much like that held insufficient in the recent case of Campbell v. State, 57 Texas Crim. Rep., 301; 123 S. W. Rep., 583, which was reversed on account of the court's charge on the subject of accomplice, and where a correct charge was laid down for the guidance of District Courts. Bernard v. State, 76 S. W. Rep., 475; Wisdom v. State, 75 S. W. Rep., 22; Howe v. State, 51 Texas Crim. Rep., 174; 102 S. W. Rep., 409; Barrett v. State, 55 Texas Crim. Rep., 182; 115 S. W. Rep., 1187; Campbell v. State, 57 Texas Crim. Rep., 301; 123 S. W. Rep., 583.

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*