## SCOTT SHARP v. THE STATE.

### No. 846. Decided November 30, 1910.

### Rehearing Denied February 22, 1911.

**1.—Seduction—Chastity of Prosecutrix—Charge of Court.**

Where upon trial of seduction, there was evidence that the prosecutrix had sexual intercourse with other parties than the defendant anterior to the alleged intercourse with the defendant, the court should have submitted to the jury an instruction that if prosecutrix was an unchaste woman at the time of her alleged intercourse with the defendant, to acquit him.

**2.—Same—Lost Record—Transcript—Practice on Appeal—Continuance.**

Where, upon appeal from a conviction of seduction, the cause was reversed for the court's failure to charge on the question of the unchastity of the prosecutrix, and the State in its motion for rehearing showed that the trial judge in fact gave such a charge but that the same was lost and not copied in the transcript, the case would be affirmed were it not for the overruling of the application of continuance for the absent testimony of a witness by whom defendant could show carnal intercourse by said witness with the prosecutrix.

**3.—Same—Indictment.**

Where upon trial of seduction, the indictment was sufficient there was no error in overruling the motion to quash.

**4.—Same—Evidence—Reputation of Witnesses.**

Upon trial of seduction, there was no error in permitting the reputation of the witness at the time of the trial to be proven.

Appeal from the District Court of Delta. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of seduction; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Patterson & Patterson* and *Lennox & Lennox* and *Moore & Park*, for appellant.—Upon question of admitting in evidence the reputation of witness at time of trial: Johnson v. Brown, 51 Texas, 65.

On the question of the court's failure to charge as to prosecutrix's want of chastity: Boren v. State, 23 Texas Crim. App., 28; Curtis v. State, 22 Texas Crim. App., 227; Bell v. State, 21 Texas Crim. App., 270.

Upon the question of restoring lost record in transcript: Lewis v. State, 34 Texas Crim. Rep., 126; Quarles v. State, 37 Texas Crim. Rep., 362; Nichols v. State, 55 Texas Crim. Rep., 211, 115 S. W. Rep., 1196.

*C. E. Lane,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was convicted of seduction, and awarded a term of five years confinement in the penitentiary.

Numerous questions are presented in the record, but as they are

not likely to occur upon another trial, it is unnecessary to mention them.

In the trial of the case two witnesses testified, to wit: Sam Sinclair and Rich Akard, that each had intercourse with prosecutrix on several occasions, and at a time anterior to the intercourse between the defendant and prosecutrix. The court in his charge to the jury omitted to instruct them upon this issue, but simply directed the jury that if they believed that the prosecutrix was under twenty-five years of age and defendant had intercourse with her and the same was under a promise of marriage, and she yielded her virtue in consideration of that promise, he would be guilty of the offense. The court instructed the jury that seduction means to lead an unmarried female under the age of twenty-five years away from the path of virtue, to entice or persuade her by means of a promise of marriage to surrender her chastity, and nowhere in the charge did he instruct the jury that if at the time she had intercourse with the defendant under a promise of marriage she was an unchaste woman and had surrendered her person to other men, the defendant could not be guilty. Appellant requested the court to charge the jury that though they might believe that prosecutrix yielded to the defendant under a promise of marriage and that he had intercourse with her, yet if they believe from the evidence that before such promise of marriage, if any, the prosecutrix had had carnal intercourse with some other person or persons, then it would be their duty to acquit. This charge was refused. The facts of the case call for such a charge, and it was error for the court to fail to thus instruct the jury, for if she was not a chaste woman and had before that time had intercourse with other men, she would not be the subject of seduction as that term is known to the law. See Vantrees v. State, 59 Texas Crim. Rep., 281, 128 S. W. Rep., 383.

For the error indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

### ON REHEARING.

#### February 22, 1911.

HARPER, JUDGE.—At a former day of this term the court reversed and remanded this cause, the opinion being by Judge McCord, on the ground that appellant requested the court to charge the jury that though they might believe that prosecutrix yielded to defendant under a promise of marriage, if the prosecutrix had had carnal intercourse with some other person or persons, then it would be their duty to acquit, and the court had refused said special charge.

The State filed a motion for a rehearing, alleging that defendant had requested two special instructions on that phase of the case, and the court had given charge No. 3 requested by defendant, but same had been lost and not copied in the transcript. The charge alleged

to have been given fully covers the point on which the case was reversed, and upon a hearing the court trying the cause substituted the charge. The trial court testifies he gave the charge as substituted, in substance, at defendant's request, as do one or two other witnesses. The foreman of the jury testifies he has no recollection of such charge having been given. If this was the only error complained of in the case, we would have no hesitancy in granting the motion for rehearing and affirming the case, as the recollection of the trial judge is clear about the matter, but in the record we find defendant's first application for a continuance. It appears that defendant was indicted on June 9 and was arrested on June 10 and his case called for trial on June 14, the fourth day after he was arrested. On June 14 he filed an application for continuance on account of the absence of the witness John Tarply, whose home is alleged to be in Delta County, but who was temporarily in Oklahoma. Appellant states that he was arrested on the 10th day of June; "that on the 11th day of June, 1910, he applied for and caused to be issued a subpoena for his witnesses, among others, for the witness John Tarply. That said subpoena, with the return of the officer thereon, is here referred to and made a part of this application. That by the said return the said witness, John Tarply, was not served, the return as to him stating that he is out of the county.

"Applicant states that for many years the said witness has resided in Delta County and that until a few days ago applicant still believed that he was in said county, but was informed for the first time about two or three days ago that he was somewhere in the State of Oklahoma, the exact location he did not learn; that he has not been able to ascertain definitely the location of said witness, so as to apply for a commission to take the deposition of the said witness.

"Applicant states that as soon as the indictment was returned he began to prepare for his defense and has used due diligence to secure the attendance of his witnesses, and has used due diligence to locate the said witness.

"Applicant stated that he expects to prove by said witness that prior to October 1, and October 10, 1909, that the said John Tarply had carnal intercourse with the prosecuting witness, Maud West; that he is informed, and so states, that Maud West will testify that she and defendant became engaged to marry each other about the 1st day of October, A. D. 1909, and that defendant by virtue of his promise of marriage had carnal intercourse with her on the 10th day of October, A. D. 1909." The application contained the other allegations essential to a motion for a first continuance. If the witness would testify to the fact alleged, and the jury believed him, this would be a defense to the charge contained in the indictment, and we think the court erred in not granting the application under the facts in this case. Kelly v. State, 33 Texas Crim. Rep., 31; De Warren v. State, 29 Texas, 465; Hyden v. State, 31 Texas Crim.

Rep., 401; McAdams v. The State, 24 Texas Crim. App., 86; Perez v. State, 48 Texas Crim. Rep., 225, 87 S. W. Rep., 351.

The court did not err in overruling the motion to quash the indictment, and we do not think there was any error in permitting the reputation of the witnesses at the time of the trial to be proven; the facts relied on to exclude this testimony might go to its weight but not to its admissibility.

For the error pointed out the motion for rehearing is overruled.

*Overruled.*