## CHIS HUMPHREY v. THE STATE.

### No. 1305.   Decided January 31, 1912.

**1.—Seduction—Charge of Court.**

Where, upon trial of seduction, the evidence raised the issue, the court should have submitted a special charge that if the defendant or any other person, before the promise of marriage was made, had carnal knowledge of the prosecutrix, etc., to acquit the defendant.

**2.—Same—Charge of Court—Prior Unchastity.**

Where, upon trial of seduction, the evidence showed that previous to the alleged intercourse, the prosecutrix made improper advances to a third party to have carnal intercourse with her, the court should have submitted same to the jury.

**3.—Same—Charge of Court—Want of Chastity.**

Where, upon trial of seduction, there was evidence that before the alleged promise to marry and act of carnal intercourse, prosecutrix had been seduced, the court should have submitted that issue.

**4.—Same—Rule Stated—Unchaste Woman.**

An unchaste woman or a woman who has had intercourse with men prior to the time of the alleged seduction can not be the subject of seduction.   Following Simmons v. State, 54 Texas Crim. Rep., 619, and other cases.

**5.—Same—Charge of Court—Letter.**

Where, upon trial of seduction, there was in evidence certain letters by defendant to prosecutrix containing expressions of endearment and love, which were written after he had married another woman, the same should have been limited to the issue of whether prosecutrix was chaste at the time of the alleged seduction, and should not have been left to be appropriated generally by the jury under the court's charge.

**6.—Same—Charge of Court—Date of Offense.**

Where, upon trial of seduction, the act of carnal intercourse upon which the promise of marriage was based occurred in April, 1908, and that defendant married another in the early part of 1909, and subsequently wrote letters as a sort of renewal of engagement with prosecutrix, it was error to charge the jury that if they found that at any time within three years of the 12th day of July, 1910, defendant seduced prosecutrix, to convict him.

Appeal from the District Court of Jones.   Tried below before the Hon. P. A. Martin, sitting in exchange.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Chapman & Coombes,* for appellant.—On the question of unchastity of prosecutrix:   Spenrath v. State, 48 S. W. Rep., 192; State v. Reeves, 97 Mo., 668; Simmons v. State, 54 Texas Crim. Rep., 619, 114 S. W. Rep., 841; Barclay v. State, 62 Texas Crim. Rep., 323, 137 id., 118; Putman v. State, 29 Texas Crim. App., 454; Mrous v. State, 21 S. W. Rep., 764; Caviness v. State, 60 id., 555; Snodgrass v. State, 31 id., 366.

On question of the court's charge on letters in evidence:   Barnes v. State, 39 S. W. Rep., 684; Dickenson v. State, 63 id., 328.

On question of the court's charge that if defendant committed seduction within three years, etc.: Sharp v. State, 61 Texas Crim. Rep., 247, 134 S. W. Rep., 333; Mulhause v. State, 56 Texas Crim. Rep., 288, 119 id., 866.

On question of refusal of requested charges on prior unchastity of prosecutrix: Duke v. State, 56 Texas Crim. Rep., 502, 120 S. W. Rep., 894; Sharp v. State, 61 Texas Crim. Rep., 247, 134 id., 333; Mulhause v. State, 56 Texas Crim. Rep., 288, 119 id., 866.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of seduction, his punishment being assessed at two years confinement in the penitentiary.

The prosecutrix fixes the time of the promise of marriage and accompanying act of intercourse during the month of April, while she and appellant were en route from a party at Cooks to the residence of Mr. Rogers, where she was then visiting the daughter of Rogers. She positively stated that was the time the promise was made to marry her, and it was the first act of intercourse. Appellant introduced witnesses who testified—three in number— that they saw appellant and the girl in the act of intercourse in a wagon on the gallery of a storehouse in January previous to the act about which she testified as having occurred in April. All these acts occurred during the year 1908. Another witness by the name of Black testified that in latter part of January or perhaps early in February, that prosecutrix came into his drugstore one morning as she had been in the habit of doing, and that he was then behind the counter about the cigar case; that after a little he went behind the prescription case to fill a prescription and prosecutrix followed him behind there, and requested him to have intercourse with her, which he declined, because of reasons he assigned, among others, that she was a girl and not a woman, and he did not care to fool with girls, and that he was also a married man and did not want to get into trouble. She also stated to him at the time that she had been having intercourse with men and she did not think it would hurt her. Two of the witnesses who testified in regard to the act in the wagon state they were at a religious service, perhaps a prayer meeting, and as they all came out of the house prosecutrix walked up to appellant and brushed against him, or called him off, and they went away a little piece, and he, appellant, returned and informed them, in substance, of what would likely occur, and they followed along, and while appellant and the girl were in the act of intercourse in the wagon they stood close by until it was over and watched him help the girl out of the wagon, and saw appellant go home with her, take her to the gallery and leave. There was also evidence introduced as to her general reputation for want of chastity prior to the time that she testified the en-

gagement and intercourse occurred, and this does not seem to be controverted.

1.   In this connection appellant asked special charges, first, "If you find from the evidence that at any time before the promise of marriage, if any was made, the defendant, or any other person, had carnal knowledge of Spark Bynum, you will acquit the defendant; or if you have a reasonable doubt as to whether or not the said Spark Bynum had been carnally known before the alleged seduction, you will acquit the defendant.   Therefore, if you find and believe from the evidence, beyond a reasonable doubt, that in April, 1908, the defendant had carnal knowledge of Spark Bynum on the way from the Cook place to the Rogers place, by means and in virtue of a promise of marriage previously made to Spark Bynum by defendant, but you further find that in January or February, 1908, defendant had carnal intercourse with Spark Bynum in a wagon, or wagon bed, in the town of Avoca, or if you have a reasonable doubt as to whether or not defendant had such carnal intercourse in January or February, 1908, you will acquit the defendant and say by your verdict not guilty."

Appellant also requested the following charge:   "If you find from the evidence that in January or February, 1908, the prosecutrix, Spark Bynum, went to the drugstore in the town of Avoca and proposed to the witness S. E. Black to permit or allow him to have carnal intercourse with her and that same was prior to the promise of marriage, if any, made by defendant, you will find the defendant not guilty, or if you have a reasonable doubt as to such facts, you will acquit the defendant.

Appellant also asked this charge:   "If you find from the evidence, that at and before the date testified to by the prosecutrix, Spark Bynum, she had been seduced by defendant, she was not chaste and virtuous; or if you have a reasonable doubt as to whether she was chaste and virtuous, or not, at said time, you will acquit the defendant and say by your verdict not guilty."

These charges were all refused, and are properly presented for revision.   These charges should have been given.   An unchaste woman or a woman who has had previous intercourse with men and prior to the time of the alleged seduction can not be the subject of seduction.   It was, therefore, error, to refuse to charge that if prosecutrix had had intercourse with another or others before she did with the accused, to acquit.   Simmons v. State, 54 Texas Crim. Rep., 619; Sharp v. State, 61 Texas Crim. Rep., 247, 134 S. W. Rep., 333; Mulhause v. State, 56 Texas Crim. Rep., 288; Barnard v. State, 76 S. W. Rep., 475.   This is a well settled rule in Texas and is not debatable.   These charges ought to have been given.

2.   The court instructed the jury as follows:   "The jurors are instructed that a conviction can not be based upon a promise of marriage made by a married man to a single woman when the fact of his mar-

riage is known to said woman, and unless you believe that the letters introduced in evidence and the evidence of the acts of intercourse and of the promise made by the defendant to the prosecutrix, after the time of his marriage, have a tendency to explain the attitude and relation of the parties at the time of the first act of intercourse, if there was such act, you will not consider such testimony for any purposes whatever." This charge is properly presented for revision. It is little difficult to understand why this charge was given in the language employed by the court. The facts in this connection, in substance, show that appellant was married in the early part of 1909 to another woman, and that he lived with his wife a while and separated and went away to Fort Worth. From that point appellant wrote letters to prosecutrix containing expressions of endearment and love, and, among other things, told her that when he got a divorce from his wife that he would marry her. That is about the substance of the letters, and is as strong for the State as they can be placed. The evidence also shows that upon his return from Fort Worth he renewed the illicit relations with prosecutrix, and on divers occasions had intercourse with her. This is her testimony. She also testifies to having intercourse for 'pay with quite a number of others whose names she gives in her testimony. To some of these she sold her body for a dollar for each act of intercourse, and some of them paid her and others promised to pay but did not. In other words, she had intercourse with others on credit when they failed to respond as they had agreed in the payment. It is also in evidence by the prosecutrix that she had had intercourse quite a number of times before appellant's marriage, and after the time she fixes the act of seduction. She states that in the acts with the parties other than the defendant it was purely a matter of merchandise with her, that she had no desire to have intercourse with them, but it was for the pay that it gave or the promise to give in exchange for her favors. These letters and communications went before the jury over protest of appellant, and it was in regard to these matters the charge quoted above was given the jury. Just what was meant by the charge is a little difficult to understand. The court instructed the jury that this testimony was before them for their consideration if it had a tendency to explain the attitude and relations of the parties at the time of the first act of intercourse. If the letters did not explain that, then the jury were not to consider them for any purpose. How this subsequent conduct could explain the relations of the parties is not stated in the charge to the jury, but the jury is left to use the testimony for any purpose for which they saw proper. If there was a promise of marriage subsequent to his marriage to his wife, and the girl was anticipating a divorce between them and marriage between herself and appellant, this could not tend to show that appellant had previously seduced the girl. In some of the letters he urgently requests her not to have anything to do with some of the other parties whom the girl said had been intimate with her. The jury could not possibly use this testimony, legally at least, to prove prior promise of

marriage between appellant and the girl, because there was nothing of that sort contained in any of the letters. They all had reference to future relations between appellant and prosecutrix when he could get rid of his wife by divorce, so far as marriage was concerned. How the jury considered this evidence can not be ascertained, unless we look at the verdict, which shows that they must have appropriated it against defendant, for they found him guilty. This evidence could not be used for that purpose. It might possibly be used for the purpose of showing that she was leading a life of shame and thereby discrediting her testimony in regard to her alleged engagement at the time she says it occurred, followed by the act of intercourse. This character of testimony is used to raise the presumption of a want of chastity in a girl originally. This was decided in Nolan v. State, 48 Texas Crim. Rep., 436. It was there held, in substance, that evidence of unchastity after alleged seduction should be limited to the issue of whether prosecutrix was chaste at the time of the alleged seduction, but the court's charge here did not do this. It turned the jury loose to roam around in speculation and give any effect they saw proper if the facts tended to explain the attitude and relations of the parties at the time of the first act, without specifically informing the jury how it could explain the attitude and relations of the parties at that time.

It is not deemed necessary to encumber this opinion with a statement of the contents of those letters and the various and sundry acts of intercourse between the prosecutrix and other parties, and her general course of conduct both prior and subsequent to the act and subsequent act of seduction, and acts and conduct of the girl after the marriage of the defendant.

3. The court charged the jury that if they should find that appellant at any time within three years before the 12th of July, 1910, the date of the return of the indictment, did unlawfully seduce Spark Bynum and had carnal knowledge of said Spark Bynum by means and virtue of a promise of marriage previously made by appellant, then they would find him guilty. Various objections were urged to this. We think these objections are well taken. The act of seduction testified by the prosecutrix was in April, 1908. Appellant in the early part of 1909, married, and subsequently wrote these letters as a sort of renewal of the engagement, so the prosecutrix testifies. Some of these letters were dated in December, 1909, and January, 1910. This promise of marriage in 1909 and 1910, as evidenced by the statement of the prosecutrix and letters introduced in evidence, could not form the basis of seduction. If there was any seduction at all it occurred in April, 1908. While the court in one place in the charge instructed the jury they could not consider the latter promise of marriage as a basis of conviction, yet when he comes to apply the law directly to the facts he instructed the jury that if they found that at any time within three years of the 12th of July, 1910, that by reason of promise of marriage he seduced the girl, they could convict him. This covered both prom-

ises and the jury could use either under that instruction as a basis of conviction. Contradictory charges of this sort leave the jury in such a doubt as to be misled and not to know what the law of the case is, and has been universally condemned by this court. They are so inconsistent that the jury could have used either alleged promise as a basis of their conviction. These latter promises under no circumstances could have formed a basis of a conviction. This was error.

4. There are some other errors assigned in reference to the loose way in which the charge was written. Believing they will not occur upon another trial, they are not discussed.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*