VACK COOK v. THE STATE.

No. 15016.   Delivered March 9, 1932.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense is adultery; the punishment, a fine of $100.

The information was in two counts, the first count charged the appellant with living and having carnel intercourse with one Mrs. Rosa Barrett; and the second count charged habitual intercourse without living together.   Only the first count was submitted to the jury.

The testimony showed that Mrs. Barrett was a married woman and had separated from her husband about six years prior to the trial of the case.   Mrs. Barrett rented land from the appellant and she and her children lived on the farm and made crops on the place and worked in the

field. About two years previous to the prosecution, appellant had moved into the house where the said Mrs. Barrett and her children lived. The evidence further showed that the appellant occupied a room in a different portion of the house than that occupied by Mrs. Barrett and her children. The evidence showed that at the time he moved to the house that he made arrangements with the said Mrs. Barrett to board with her and that he paid her board regularly. There was no evidence that they ever occupied the same room together. There was evidence to the effect that Mrs. Barrett had told a neighbor, Mrs. Jim Hogan, that she had gotten in bed with appellant on one or two occasions when she would have bad dreams and would get scared. A daughter of Mrs. Barrett testified that in 1929, while she was out in the yard, she saw her mother in bed with the appellant in the day time. Another child of Mrs. Barrett testified that he had never seen any improper relations between them. Both the appellant and Mrs. Barrett denied that any improper relations had ever existed between them and Mrs. Barrett denied ever telling Mrs. Hogan that she at any time got in bed with the appellant; in fact, she denied ever having gotten in bed with the appellant.

By bill of exception No. 1, appellant complains of the action of the trial court in permitting the husband, Will Barrett, to testify as follows: "Previous to the time we separated, Mr. Vack Cook, the defendant, used to come over to my house quite often. That was five or six years ago and when he would come over there he would stay around my wife and at times he would come there when I was not at home and lots of times they would go off in the woods together and be gone for some time."

Bill of exception No. 2 complains of the witness, Billie Barrett, being permitted to testify, over appellant's objection, as follows: "A long time ago, before my father and mother separated, which was about five or six years ago, Mr. Cook used to come to our house and he and my mother would go off in the woods together when my daddy was not at home and be gone for a good while before they came back to the house. Mr. Cook used to come over there real often and then when he would come over there I have seen him and my mother in bed together. That was five or six years ago."

Appellant objected to all of this testimony at the time for the reason that the transaction referred to by the witnesses was too remote to have any bearing or connection on the case for which the defendant was being tried; also that the same was prejudicial, inflammatory, and injurious to the defendant's rights. In the case of French v. State, 47 Texas Crim. Rep., 571, 85 S. W., 4, Judge Henderson, speaking for the court, held that former acts of intimacy of recent date may be proven in such cases; but acts of familiarity antedating the offense some four or five years are too remote and could not be offered in evidence. See, also, Duncan v. State

(Texas Crim. App.), 45 S. W., 921. This testimony should not have been admitted under the facts in this case.

There was no dispute that for about two years previous to the trial the appellant and Mrs. Barrett were living in the same house, but the controverted issue was a question as to whether they had had carnal intercourse with each other. This was the gravamen of the offense and in order to show that they had ever actually engaged in an act of intercourse the state relied upon circumstantial evidence alone. Hence, the court was not warranted in omitting to charge the law of circumstantial evidence as to whether or not the appellant and Mrs. Barrett had ever engaged in an act of intercourse. The failure of the court to charge on circumstantial evidence was excepted to and a special requested charge was also asked by appellant, which was refused. Said special charge should have been given.

By bill of exception No. 3, appellant complains of the action of the trial court in permitting the witness, Billie Barrett, to testify as follows: "I know that Mr. Cook used to come to see my mother and go off with her and that they went to the field together and rode around together a lot and I know that she had a child by him that was born about five or six years ago just after my father and mother separated, just a month or so after my father and mother separated." Upon the objection of the appellant to said testimony, the court instructed the jury not to consider that part of the testimony as to a child for any purpose. On another trial of this case, said testimony should not be admitted.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.